## Thomas O'Malley, Defendant in Error, v. Carl A. Marquardt and Franz Brunke, Plaintiffs in Error.

## Gen. No. 16,344.

1. NEGLIGENCE—*obligation to guard excavation.* The law does not impose upon an owner or one in possession and control of real property any duty towards strangers upon adjoining property to guard the excavation upon such property not adjacent to the highway unless they come upon the premises by his invitation.

2. NEGLIGENCE—*endangering private walk.* An owner of premises has a right to establish a walk or private way over his premises and his rights to do so and to travel over the same without being endangered by pit falls and obstructions are as inviolate as the right of the public to travel the public highway without encountering such dangers. If other persons are given the right by the owner to travel a private way they cannot be lawfully endangered thereon by pitfalls or obstructions by the owner of the way or by strangers.

3. CONTRIBUTORY NEGLIGENCE—*when cannot be imputed to minor.* A child of the age of 4 years cannot be guilty of contributory negligence.

4. MUNICIPAL COURT—*when jury not required.* If neither party to an action of the 4th class demands a jury trial nor pays or offers to pay

O'Malley v. Marquardt, 170 Ill. App. 278.

the jury fee, a jury need not be called, and this is true in a case where the plaintiff is a minor suing by his next friend, there being no evidence or claim that such minor was the victim of any fraud or hardship; and the failure of the court to call a jury cannot be complained of by an adult defendant who has failed to exercise his option to demand, pay for and have a jury trial.

Action in case for personal injuries. Error to the Municipal Court of Chicago; the HON. MCKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed May 15, 1912.

F. J. CANTY, for plaintiffs in error; P. L. MCARDLE and R. P. GARRETT, of counsel.

M. E. AMES, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

A judgment for personal injuries in the sum of $100 was rendered in this action of the fourth class of Thomas E. O'Malley, by his next friend, Elizabeth O'Malley, against Carl A. Marquardt and Franz Brunke, plaintiffs in error, in a trial by the court without a jury.

The bill of particulars alleged that said minor sustained his injuries by falling into an excavation made and left unguarded by plaintiffs in error on the east side of, and adjoining, the premises on which the child resided with his parents on the north side of Garfield avenue, Chicago, and claimed damages for said injuries and for medical expenses in being cured thereof.

The evidence tended to show that the defendant in error, with an older brother, left the said house of his parents on the morning of May 17, 1909, and went out into the back yard adjoining the house and onto a private sidewalk running from said street on his parent's said property and on a line between the said two properties; that within a very short time he fell into the excavation which came right up to and along

and partially under said sidewalk, and was of the depth of from three to six feet, about fifty feet wide and sixty feet long, and situated fourteen feet back from the street; that the east property and excavation was the property of one Gustav Dietz, with whom the plaintiffs in error had contracted to make the excavation for a certain contract price; that plaintiffs in error sub-let the contract to one John Karthouser, who made the excavation for a certain price, having full charge of the work and the men who did the work. There is a serious conflict in the evidence as to whether or not the sub-contractor had finished the excavation and turned the premises over to the plaintiffs in error before the child was injured. We think, however, the court was warranted in finding that at the time the child was injured the excavation was completed and in the possession and charge of the plaintiffs in error, who were at that time lining up and preparing the excavation for the reception of the brick work for the building they had contracted there to build.

The general rule is as contended for by defendant in error that the law does not impose upon an owner or one in possession and control of real property any duty toward strangers upon adjoining premises to guard an excavation upon such property not adjacent to the highway, unless they come upon the premises at his invitation. 1 Thompson on Negligence, Sec. 1228; Cordon v. Schween, 117 N. Y. Supp., 191.

It is also true that the premises in question were shown to be guarded on the side next to Garfield avenue; but they were not guarded next to the private walk of defendant in error's parents, by and over a portion of which excavation, the walk ran. The evidence showed that this walk way was protected by a wire fence along the east side of the walk way just before the excavation was made, but that the same was removed at the time the child was injured. Had this fence remained, it would no doubt have been a good

O'Malley v. Marquardt, 170 Ill. App. 278.

barrier against the dangers of falling from the walk into the excavation.

An owner of premises has a right to establish a walk or travel way over his premises and his rights to do so and to travel the same without being endangered by pit falls and obstructions are as inviolate as the right of the public to travel a public highway without encountering such dangers. If other persons are given the right by the owner to travel the private way, they cannot be endangered thereon by pitfalls or obstructions by the owner of the way or by strangers. 1 Thompson on Negligence, Secs. 1012, 1013 and 1014; Clarke v. R. I. Electric L. Co., 16 R. I. 463; Corby v. Hill, 93 Eng. Com. L. Rep., 554 (4 Com. B. Rep., N. S.).

No negligence can be attributed to defendant in error who was only four years old. The court was warranted in finding that the private walk way on the home premises of the minor was endangered by the excavation being negligently maintained by the plaintiffs in error at the time of the injury and after possession of same had been turned over to them by the sub-contractor, and that defendant in error was injured by reason thereof. Plaintiffs in error were chargeable with notice of the existence of the private sidewalk and the conditions there before letting the contract to excavate and after obtaining possession of the same. The evidence is not as clear and satisfactory as we might wish to find it that the child fell from the walk into the excavation; but the fact that the mother testified that the child had a litle wagon and that he and his brother, six years old, came along the walk; that they were not gone over ten minutes from the house when the child fell, together with the other facts that the child injured and crying immediately was handed out of the excavation beside the walk by a workman in the excavation was sufficient evidence in the first instance to make this proof, and throw the

burden upon the plaintiffs in error to rebut that proof, if they could, by the positive facts that were within the knowledge of themselves or their servants. While it was shown by her answers that she did not see the child on the walk or see it fall, it does not appear how she got the information, and we are not warranted in holding that the information to her was hearsay. Her sense of hearing might warrant her in the statements she made.

Sections 30 and 56 of the Municipal Court Act, in substance, provide that unless the plaintiff, at the time he commences his suit, or the defendant, at the time he enters his appearance, in an action of the fourth class, shall file with the Clerk a demand in writing of a trial by jury and pay the sum of six dollars, the trial shall be by the court without a jury. These provisions have been sustained by the Supreme Court as constitutional and binding on litigants. Williams v. Gottschalk, 231 Ill. 175; Morrison Hotel Co. v. Kirsner, 245 Ill. 431.

Neither party to this suit at any time demanded a jury trial in his own right, nor paid or offered to pay therefor the jury fee. The plaintiffs in error merely objected to the court trying the cause without a jury on the grounds that the minor, or his next friend for him, could not be held to waive his constitutional right of trial by jury, and would not, therefore, be bound by this judgment, and the plaintiffs in error would be thereby endangered by a second suit for the same cause of action. We do not think this position is tenable. There is no evidence or claim that the minor is a victim of any fraud or hardship in the rendering of this judgment. The damages awarded appear to be fair and reasonable, the child apparently only sustaining slight damages by abrasions and scratches on the side of his face and neck.

No reason is perceived why a minor may not be required to demand and pay for a jury the same as

an adult, where no affidavit is filed to prosecute as a poor person. Besides, plaintiffs in error had the option to demand and pay for, and have, a jury trial, if they so desired; and having refused to do so, we see no just reason for their complaint that the trial was by the court.

The judgment of the lower court is affirmed.

*Judgment affirmed.*