## Anna Pisko, Defendant in Error, v. United Breweries Company, Plaintiff in Error.

## Gen. No. 17,365.

LANDLORD AND TENANT—*liability of landlord for excavation.* Wherein a narrow passageway between buildings, constantly used for ingress and egress, a hole was either originally excavated by a subtenant of the adjoining landlord partly on the lot occupied by plaintiff, or resulted from an excavation and lack of lateral support, such adjoining landlord who could have anticipated the danger to children and protected against it, is liable for injuries received by plaintiff child of tender years on its falling into the hole.

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed June 30, 1913.

RUBENS, FISCHER & MOSSER, for plaintiff in error.

MICHAEL C. ZACHARIAS, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error sued out to reverse a judgement of the Municipal Court of Chicago for $700 in favor of Anna Pisko, a minor, the defendant in error, plaintiff below, against the United Breweries Company, plaintiff in error, defendant below.

The judgment, after a remittitur of $300, was rendered February 4, 1911, on the verdict of a jury which had assessed $1,000 as damages for injuries incurred by the plaintiff (who was a child between three and four years old) by falling on October 19, 1910, into a hole or excavation between the house she lived in at No. 13457 Erie avenue in the city of Chicago, and a saloon on a lot owned by one Wm. S. O'Brien and under lease to the United Breweries Company, numbered 13459 Erie avenue. The suit was brought not only against the United Breweries Co., but also against Wm. S. O'Brien. The plaintiff's statement of claim recited that there had been for a long time prior to October 19, 1910, a passageway between the two buildings No. 13457 and 13459 Erie aveune; that this passage was used in common by the tenants or occupants of 13457 and their children as an ingress and egress and led from the street to the rear of the said premises, and that while the plaintiff Anna Pisko was attempting to walk along said passageway on said October 19th she fell into a hole which the defendants had negligently allowed to remain in a dangerous, unguarded and uncovered condition.

The jury found a verdict in favor of the defendant O'Brien, but against the defendant United Breweries Company.

The plaintiff in error in this court assigns and

argues as error the failure of the Municipal Court peremptorily to instruct the jury to find it not guilty and the failure as an alternative to instruct the jury on various propositions of law as requested by it. It also complains of the instruction on the subject of damages given by the trial judge and alleges that the verdict was grossly excessive and was not cured by the remittitur, which left the amount for which judgment was rendered still excessive.

We do not think it would serve any good purpose to discuss the evidence in this case in detail. The evidence shows that the hole or excavation into which the plaintiff, a child too young to be held guilty of negligence, fell, was made by a subtenant of the United Breweries Company for his convenience in getting into a basement with beer barrels; that the United Breweries Company knew of it and had undertaken a few days before the accident to modify its condition. The evidence strongly tended also to prove that a portion of the excavation was on the lot on which the plaintiff lived. But it does not seem to us material, for it is certain that there was a narrow passageway between the buildings, which was necessarily constantly used by both adults and children living at No. 13457 for ingress and egress and passage to the outhouses in the rear. It is also clear that either the hole was originally excavated partly on the adjoining lot, or that in consequence of the excavation and lack of lateral support, earth from the adjoining lot had broken away and enlarged the hole. In either case we think the jury might properly find the plaintiff in error liable.

As counsel for defendant in error points out, there is no logical difference between dangerous "excavations adjoining highways and those adjoining much traveled and commonly used private ways."

That for injuries in consequence of excavations so situated, the person responsible for them is liable, the

cases cited in the arguments of both parties in this controversy agree.

From the position of this hole in relation to a private way used in common by the tenants of both Nos. 13457 and 13459, the person responsible for it might well have anticipated the danger to the children residing in No. 13457, and should have protected it. The cases which hold that a mere licensee or trespasser, going upon land of another on which there is a hole, cannot hold the owner liable for injuries suffered by falling into that hole, are not in point here. That is all that even the case most relied on by the plaintiff in error (*Reardon v. Thompson,* 149 Mass. 267) holds. The case at bar is more like *Toomey v. Sanborn,* 146 Mass. 28, than *Reardon v. Thompson, supra,* although it is not on all fours with either of them.

But it is governed by the fundamental maxim *sic utere tuo ut alienum non laedas,* and we do not think that the application of it is doubtful in this case.

Nor do we think that the jury were improperly instructed on the subject of damages and on the issue of negligence, nor that the court erred in refusing to modify its instructions at the request of the defendant.

If the verdict under the evidence was too large in the first instance, on which we express no opinion, it was not so large as to show passion and prejudice, and the remittitur cured it.

The judgment of the Municipal Court is affirmed.

*Affirmed.*