SALVATORE SPAGNOLO vs. VINCENT LANZA.

First Judicial District, Hartford, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 4th—decided October 25th, 1929.

*Henry J. Calnen,* for the appellant (defendant).

*Frederick H. Waterhouse,* for the appellee (plaintiff).

HINMAN, J. On January 4th, 1926, the plaintiff leased from Peter DiChiara a tenement in a house, located in the rear of property at the corner of Whitworth and Pleasant Streets in Thompsonville. The defendant owned and maintained a business building east of one, also owned by DiChiara, situated on the corner. Between these two buildings was a passageway, seven feet and nine and one half inches wide at the rear, in part on the property of the defendant and in part on property of DiChiara, leading to the tenement house, and being the only entrance thereto. The passageway was unlighted at night except by light which might come from street lights on Whitworth Street or from an electric light on the ceiling of a second-story veranda of DiChiara's building. About

halfway between the two buildings were six metal pillars, supporting a veranda of DiChiara's building, and about halfway through the passageway stairs leading up to the veranda and extending to within about two feet of one of the pillars partially blocked the passageway at that point so that to pass further along it was necessary to go in the direction of the defendant's property, at a point where, a few feet beyond the stairway, was an uncovered coal chute extending into the passageway one foot and three and one half inches from defendant's building, and surrounded by a brick wall extending four and three quarters inches above the ground level.

In the evening of January 5th, 1926, the plaintiff entered this passageway for the first time, for the purpose of going to the tenement which he had rented, fell into the coal chute and was injured. The trial court concluded that the plaintiff was lawfully using the passageway and that his injury was due solely to negligence of the defendant in failing to keep the chute covered or otherwise properly guarded, and held the defendant liable. The finding does not state how much of the width of the passageway was on the land of the defendant and of DiChiara, respectively; nor does it reveal the extent to which it was used, but it is a necessary inference that it was, at least, traveled by all of the occupants of the tenement house in the rear and by all having occasion to visit it. It is also clear that all such users, especially while passing the stairway and the pillar adjacent to it, were obliged to follow a course near the defendant's building and in close proximity to the coal chute in question, and that the location and nature of the latter was such that, left in an unguarded and uncovered condition, it endangered travel through the passway, especially in the night and by persons unfamiliar with the existing

hazard. If this condition was created or continued by a negligent violation of duty on the part of the defendant, liability follows, since no claim is made that the plaintiff was contributorily negligent. The defendant claims, here as upon the trial, that the plaintiff was a trespasser upon his land and that he owed him no duty of covering or otherwise protecting the chute. The general rule that the owner of property owes no duty to trespassers to keep his premises in a safe condition for their use is well recognized in this State. *Pastorello* v. *Stone,* 89 Conn. 286, 289, 83 Atl. 529. It is equally well settled that an owner of property abutting on a public highway or footway is obligated to use reasonable care to keep his premises in such condition as not to endanger travelers in their lawful use thereof, and that if he fails therein and renders the highway unsafe for travel he is liable although the consequent injury is received upon his own land and not upon the highway. "The maintenance on private property of a dangerous menace to public travel is . . . a nuisance; and when the danger is of such a character as ought to awaken in a prudent owner a reasonable foresight of harm to travelers on the highway, the duty to take care is undeniable." *Ruocco* v. *United Advertising Corporation,* 98 Conn. 241, 247, 119 Atl. 48; *Sedita* v. *Steinberg,* 105 Conn. 1, 9, 134 Atl. 243; *Smith* v. *Milford,* 89 Conn. 24, 92 Atl. 675; *Crogan* v. *Schiele,* 53 Conn. 186, 1 Atl. 899; *Norwich* v. *Breed,* 30 Conn. 535.

The only contention of the appellant meriting discussion is that there is no similar duty or liability regarding excavations or other dangerous conditions adjacent to or so near a path or way over private land as to make the use of such way unsafe or dangerous, however generally, extensively and notoriously such private way may be used. Our own decisions while, as else-

where, not numerous, indicate a contrary view. *Birge v. Gardner* (1849) 19 Conn. 506, concerned injuries to a child by the fall of a gate erected upon the land of the defendant, on or near the line of a lane leading from the highway back, a few rods, to several dwelling-houses, and which was the common passway for all persons between the highway and these houses. The plaintiff dwelt, with his parents, in one of the houses. As to the claim that the plaintiff was a trespasser and as such was responsible for the consequences of his trespass, the court said (p. 512): "We do not decide whether, in this case, the plaintiff was a trespasser or not. There are many acts deemed acts of trespass, which involve civil liabilities, where there is no fault; and on the ground that where one of two innocent persons must suffer, he who is the proximate cause of the injury must be responsible for it. But this is not a case between faultless parties. The gross negligence of the defendant is here the cause of action; and he alone is responsible for the entire consequences of it, unless there has been fault on the plaintiff's part."

*Mullen v. Mohican Co.*, 97 Conn. 97, 115 Atl. 685, concerned a passway or court, about nine and one half feet wide, over private property of others than the defendant, between two buildings one of which was occupied by the defendant. The uses of this passway included that by tenants of an apartment building from the rear of which a stairway led down into the court. Near the rear of the building occupied by the defendant an elevator shaft opened, on the court, through a doorway which was ordinarily protected by a screen and gate. On the night in question both screen and gate were pushed up to the top of the doorway, leaving the elevator pit unprotected. Next morning the body of a boy who lived in the apartment building and had been sent, the preceding evening, to

do some errands was found at the bottom of the elevator shaft. In an action based upon negligence on the part of the defendant in leaving the shaft unprotected, the plaintiff was nonsuited, and the judgment was affirmed for the reason that there was no reasonable ground, on the evidence, for submitting to the jury the issue of due care on the plaintiff's part. However, the record discloses that the defendant, on the issue of negligence on his part, claimed that the plaintiff's case depended on the "attractive nuisance doctrine," rejected in this State, while the plaintiff contended that there is no distinction between the duty of an owner of land to travelers upon an adjacent highway and to those upon an adjoining private passway where they have a right to be. This court (p. 99) expressed disagreement with the defendant's claim and in holding that "the jury might have found that the defendant was negligent in leaving an unguarded excavation so near the traveled pathway as to endanger travel," citing *Smith* v. *Milford*, 89 Conn. 24, 92 Atl. 675, unmistakably signified acquiescence in the plaintiff's contention that the defendant's duty and liability was unaffected by the fact that its land, upon which the pit existed, adjoined a privately owned passway instead of a public highway. We can see no material difference between the situation and manner and extent of use of the way there involved and that in the present case; both fall within the category of "much traveled and commonly used private ways" between which and highways we see no logical distinction, so far as concerns liability for adjacent excavations and similar dangerous conditions. "An owner of premises has a right to establish a walk or travel way over his premises and his rights to do so and to travel the same without being endangered by pitfalls and obstructions are as inviolate as the right of the public to travel a

public highway without encountering such dangers. If other persons are given the right by the owner to travel the private way, they cannot be endangered . . . by pitfalls or obstructions by the owner of the way or by strangers." *O'Malley* v. *Marquardt,* 170 Ill. App. 278, 281. See also *Pisko* v. *United Breweries Co.,* 181 Ill. App. 542; *Clarke* v. *Rhode Island Electric Lighting Co.,* 16 R. I. 463, 17 Atl. 59; notes, 5 L. R. A. (N. S.) 733, 26 L. R. A. 686. Manifestly the duty and responsibility cannot be lighter if ownership of the land occupied by the way is partly in the defendant than where it is entirely owned by an adjoining proprietor.

As no correction of the finding is involved in the appeal, the printing of the evidence at the request of the appellant was without discernible reason or excuse. Had the appellant prevailed we would have felt warranted in relieving the plaintiff of the costs so unnecessarily incurred, by resort to the special order provided for under § 64 of the rules of this court. Practice Book, p. 322. As it is, both the appellant and the State incur needless expense.

There is no error.

In this opinion the other judges concurred.