### MARGARET MEI *v.* S. J. TSOKALAS ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 107611
AT BRIDGEPORT

Memorandum filed March 14, 1961 [1]

*Winter & Ross,* of Bridgeport, for the plaintiff.

*Ganim, Ganim & Ganim,* of Bridgeport, for defendants S. J. Tsokalas and G. and T. Construction Company, Inc.

[1] Publication of this decision was determined upon after an appeal to the Supreme Court of Errors was withdrawn.

*Samuel C. Derman,* of Bridgeport, for defendant P. J. Chemero.

BOGDANSKI, J. This is an action by the plaintiff for damages for personal injuries allegedly resulting from a defective handrail constructed by the defendants, as builders and contractors.

The facts in the case may be summarized as follows: During the summer of 1957 the defendant, S. J. Tsokalas and the G. and T. Construction Company, Inc., agreed with the plaintiff to construct for her a one-family house in Shelton on a lot owned by the defendants which was to be conveyed to the plaintiff on completion of the house. On or about October 11, 1957, the defendants sold and conveyed title of the house to the plaintiff and her daughter. On October 25, 1957, the plaintiff, while descending the stairway from the first floor to the cellar, attempted to grip the handrail to her right and fell down the stairway when her fingers got stuck in the space between the handrail and wall. The cause of her fall was the handrail, which was so closely fastened and attached to the wall as to make it difficult if not impossible to obtain a grip or a hold on the rail as one either descended or ascended the stairs in question. The space between the handrail and wall was about one-half an inch. It should have been from one and one-half inches to two inches from the wall in order to be safe and to permit adequate gripping and holding by the hand and fingers.

The claim here is that this condition amounted to a concealed defect for which the contractor builders are liable to a vendee of the premises.

A vendor of land who conceals or fails to disclose to his vendee any condition, whether natural or artificial, involving unreasonable risk to persons

upon the land is subject to liability for bodily harm caused to the vendee who takes possession, if the vendee does not know of the condition or the risk involved therein and the vendor knows of the condition and the risk involved therein and has reason to believe that the vendee will not discover the condition or realize the risk. Restatement, 2 Torts § 353. The defect in this case falls within the purview of the rule above recited. The claim of the plaintiff on the facts and the law is sustained.

Dr. Nagourney testified to the following findings after an examination of the plaintiff on October 27, 1957; (1) neck muscle spasm; (2) tenderness of right frontal head area; (3) contusion of ribs; (4) contusion and swelling of right knee and (5) contusion and laceration of right wrist. He applied physiotherapy for three months and testified that the plaintiff was disabled for approximately one month. His fee for services was $275.

The issues are found for the plaintiff as against the defendants S. J. Tsokalas and the G. and T. Construction Company, Inc., only, and the plaintiff is awarded $1850 damages together with taxable costs.