[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The setting for this motion to strike is that the plaintiff is a purchaser of commercial property who alleges that a lessee of a former owner of the premises negligently contaminated his property by discharging hazard materials into the earth and water. The lessee-defendant asserts that the count in negligence fails to state a claim upon which relief can be granted because the defendant owed no duty to the plaintiff to exercise care in the use of contaminants on the premises.
It is fundamental that there can be no tort grounded in negligence unless the defendant owed a duty to the plaintiff.Jaworski v. Kiernan, 241 Conn. 399, 405 (1997). Whether such a duty exists in Connecticut is a question of first impression.
The basis for the plaintiff s assignment of a duty to the defendant rests upon the doctrine of foreseeability of harm.
 The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised. . . . By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary [person] in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result. (Citation omitted; internal quotation marks omitted). Frankovitch v. Burton, 185 Conn. 14, 20-21, 440 A.2d 254 (1981); Noebel v. Housing Authority, 146 Conn. 197, 200-201, 148 A.2d 766 (1959); Orlo v. Connecticut Co., 128 Conn. 231, 237, 21 A.2d 402
(1941); R. K. Construction, Inc. v. Fusco Corp, 231 Conn. 381, 385 (1994).
 R. K. Construction. Inc. v. Fusco Corp., 231 Conn. 381
(1994).
On the other hand, the court cautioned that "many harms are CT Page 1737 quite literally foreseeable yet for pragmatic reasons, no recovery is allowed." Id. at 386. So, mere foreseeability is not enough. "A further inquiry must be made as to whether under the fundamental policy of the law, the defendant's responsibility should extend to such results." Ibid.
In this case there exist two competing fundamental policies of the law. The first, as the plaintiff points out, is the strong policy in Connecticut against environmental contamination as expressed forcefully in Title 22a of the General Statutes. The second policy is embodied in the common law rule of caveat emptor
which has survived for centuries almost unchanged in its application to a vendee of real property. As our Supreme Court noted in Connecticut Resources Recovery Authority v. RefuseGardens, Inc., 229 Conn. 455, 458, n. 5 (1994), the doctrine has given way to liability for negligence in special cases such as those involving the defective construction of buildings or other appurtances by builder-vendors of real property. Coburn v. LenoxHomes, Inc. 186 Conn. 370, 375 (1982).
While the plaintiff and the defendant in this case are not in a vendor-vendee relationship, the rationale upon which the doctrine of caveat emptor is based applies here. Under the allegations of the first count there is nothing to indicate that the plaintiff became the owner of the property under any circumstances other than those that existed at arms length.
It is a universal rule that under ordinary circumstances once an owner of real property sells it, he ceases to be liable for injuries occurring on the property unless he transfers the land with known or knowable concealed defects. Mei v. Tsokalas,25 Conn. Sup. 114 (1961). So too, of course, is a landowner liable to an invitee for failure to keep his property in a reasonably safe condition, Long v. Savin Rock Amusement, Co. 141 Conn. 150
(1954), and even in certain cases, to a licensee. Pomponio v. NewYork, New Haven and Hartford RR Co., 66 Conn. 528 (1895). Finally, a landowner owes a duty of care not to use his land in a manner which poses an unreasonable risk of harm to those outside the premises. Spagnola v. Lanza 110 Conn. 178 (1929).
The fundamental policy of the law extends protection to the above classes of persons because they have no opportunity to protect themselves from the harm inflicted on them whereas a real property vendee may take appropriate measures to discover the harm and protect himself from it by exercising reasonable CT Page 1738 diligence in inspecting the premises and in negotiating with the vendor protective terms and conditions of the purchase.Philadelphia Electric Co. v. Hercules, Inc., 762 F.2d 303 (3rd Cir. 1985); Wellesley Hills Realty Trust v. Mobile Oil Corp.,747 F. Sup. 93 (D. Mass. 1990).
This court therefore holds that a present owner of real property has no common law cause of action for negligent contamination of commercial property against the lessee of a former owner of that property. For this reason the motion to strike is granted.
MOTTOLESE, J.