SALVATORE RUOCCO, ADMINISTRATOR, *vs.* THE UNITED ADVERTISING CORPORATION ET AL.

Third Judicial District, Bridgeport, October Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and WEBB, Js.

As a general rule the owner of property owes no duty to trespassers to keep his premises in a safe condition for their use. But an abutting owner is bound to exercise reasonable care to keep his premises in such a condition as not to endanger travelers in their lawful use of the highway; and if he fails to do so and thereby renders the highway unsafe for travel, he becomes liable, although the consequent injury is received upon his own land and not on the highway.

This rule is one of public necessity, since the maintenance on private property of a menace dangerous to public travel is a nuisance, which casts upon the owner of the property the obligation to use due care.

In the present case the plaintiff's intestate, a boy six years old, while standing upon the sidewalk in a city street close to the open door of a garage owned and maintained by the defendant, reached over and touched a chain, hanging just inside the doorway, with his hand or with a toy gun held therein, and at once received a charge of electricity which caused his instant death. The dangerous condition of this chain was discoverable by the defendant by the exercise of due care. *Held* that upon these facts, which were alleged in the complaint, the defendant was under a legal obligation

to the plaintiff's intestate to use care in maintaining its premises in a reasonably safe condition; and that the trial court erred in sustaining a demurrer to the complaint upon the theory that the decedent was a trespasser, to whom no duty was due except to abstain from a wilful and intentional injury.

An allegation that the dangerous condition causing a personal injury was well known to the defendant, or would have been known to him had he used due care, is not a well-pleaded averment of actual knowledge of the fact prior to the accident. It is, however, a sufficient averment that such condition was discoverable by the exercise of due care.

Argued October 31st—decided November 27th, 1922.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and alleged to have been caused by the negligence of the defendant, brought to the Superior Court in New Haven County and tried to the court upon demurrer to the substituted complaint; the court (*Wolfe, J.*) sustained the demurrer and afterward rendered judgment for the defendant the Advertising Corporation, from which the plaintiff appealed. *Error and cause remanded.*

This action is brought against the United Advertising Corporation which maintained a garage having a door opening on the sidewalk in Franklin Street in New Haven, and against the United Illuminating Company which furnished electricity to the first named defendant for operating its garage. The allegation as to the mode in which the deceased came to his death is, that while standing on the sidewalk he "reached over and touched" a chain hanging close to the inside of the open door of the garage, "with his hand, or with a toy gun which he held in his hand." On coming in contact with the chain the decedent received a charge of electricity which caused his instant death. It is alleged that the dangerous condition of the chain was

due to the negligence of both defendants. The defendant the United Advertising Corporation demurred to the complaint on the ground that it "fails to allege facts to show that the plaintiff's intestate occupied a status other than that of a trespasser upon the property of the defendant at the time of the alleged wrongful acts of the defendant"; and that "it fails to allege a wilful and intentionally wrongful act by the defendant towards the plaintiff's intestate." This demurrer was sustained because, upon the allegations of the complaint, the intestate was, as to some part of his person, upon the property of the defendant corporation at the time of the accident, and that the defendant owed the decedent no duty to keep its property in a safe condition for his use.

*George E. Beers* and *William H. Russell*, for the appellant (plaintiff).

*DeLancey S. Pelgrift*, for the appellee (defendant United Advertising Corporation).

BEACH, J.  The demurrer to the substituted complaint admits, of course, its allegations of fact; that the doorway in question opened on the sidewalk; that although the sidewalk extended somewhat beyond the highway line there was nothing to indicate the location of the dividing line between the highway and the defendant's property; that the public was accustomed to walk in the space immediately adjacent to the door; that the chain was in such a position that when the door was opened it could readily be touched by one on the sidewalk and either actually or apparently within the highway lines; that the door was customarily left open; that travelers in the proper use of the highway were apt at any time to so conduct themselves

as to come in contact with the chain; that the decedent came in contact with the chain in the course of his lawful use of the highway, and that the chain became and remained charged with a dangerous current of electricity because of the failure of both defendants to properly install the wiring and other electric apparatus in the garage and to keep it in proper shape. There is also an allegation that the fact that the chain was charged with a dangerous current of electricity "was well known to both defendants, or had they used due care would have been known to them." This is not a well-pleaded allegation of actual knowledge of that fact prior to the accident. In *O'Keefe* v. *National Folding Box & Paper Co.*, 66 Conn. 38, 45, 33 Atl. 587, where a complaint containing a similar allegation was held insufficient on demurrer, we said: "The plaintiff alleges that the defendant knew, or ought to have known, the effect that steaming colored paper in a hot box would or might have on the health of those who conducted the process. This (construed as it must be most strongly against the pleader) amounts simply to a charge that the defendant ought to have known the effect that the work might have on those engaged in it." See, also, Bryant on Code Pleading (2d Ed.) p. 34. It is, however, a good averment that the dangerous condition of the chain was discoverable by the exercise of due care, and thus the real issue is narrowed down to the question whether upon the allegations of the complaint the defendant the United Advertising Corporation owed to the plaintiff's decedent any legal obligation to use care in maintaining its premises in a reasonably safe condition.

The general rule that the owner of property owes no duty to trespassers to keep his premises in a safe condition for their use is well recognized in this State.

*Wilmot* v. *McPadden,* 79 Conn. 367, 375, 65 Atl. 157; *Pastorello* v. *Stone,* 89 Conn. 286, 289, 93 Atl. 529. It is true that upon the allegations of the substituted complaint the intestate was as to some part of his person upon the property of the defendant at the time of the accident; but his right of action was not necessarily defeated thereby, for it is alleged that at the time of the injury he was in the lawful use of the highway, and from that standpoint the question is whether the defendant was under any obligation to maintain its premises in such a condition as not to endanger travelers in their lawful use of the highway.

There is no doubt as to our law on that point. In *Norwich* v. *Breed,* 30 Conn. 535, the defendant made and left unguarded an excavation wholly on his own land near the line of the highway, and a traveler fell into it at night and was injured. The traveler recovered judgment from the City of Norwich as for a defective highway. Then the City of Norwich sued the owner of the land on the theory that he was primarily liable, and we so held, saying, on pages 544, 545: "And as the dangerous character rather than the exact location of the excavation determined the duty and consequent liability of the city in regard to it, so the duties and liabilities of the defendant in this respect must be determined by the same criterion. His right to make the excavation was undeniable, and was not denied; but he was bound to exercise that right with a due regard to the co-existing rights of the city and of travelers on the street. . . . The defendant's liability did not arise from the act of making the excavation, for that he had a right to make. Nor could it depend entirely upon the distance between the excavation and the street, for he had an abstract right to make it anywhere within the limits of his close; but a due regard for the safety of travelers on the

street  equired that, until the city could furnish
such protection as the defendant's acts thus rendered
necessary, he should himself discharge that duty.
But he neglected it. He left the excavation altogether
unguarded and unadvertised, in a condition dangerous
to passengers on the adjoining street, and hence his
just responsibility for the consequences of that neg-
lect."

In *Crogan* v. *Schiele*, 23 Conn. 186, 1 Atl. 899, 5
id. 673, the rule in *Norwich* v. *Breed* was applied in
favor of the plaintiff, who fell into an unguarded area
maintained by the defendant "so near the public
footway of said highway as to make the same unsafe
and dangerous." In that case as in this, the complaint
was demurred to on the theory that the plaintiff was a
trespasser, and upon a hearing in damages after de-
murrer overruled, the trial court awarded nominal
damages only on that theory. The first of two counts
in the complaint alleged that the plaintiff was passing
along the public footway and while in the exercise of
due care "passed from said highway and slipped and
fell into the said area or pit." The second count al-
leged that the defendant maintained a brick pavement
between the public footway and the area in all respects
like the public pavement and separated in no manner
therefrom, and that the plaintiff, while in the exercise
of due care, passed from the public way "over and
upon the said brick pavement of the defendant" and
slipped and fell into the area. The area was seven
feet from the highway line. We applied the rule laid
down in *Norwich* v. *Breed*, that the test of liability
for maintaining an unguarded excavation near the
highway depended, not on its distance from the high-
way, but upon the question whether, being unguarded,
it endangered travel, and held that the plaintiff was
entitled to compensatory damages. These cases were

cited and approved in *Smith* v. *Milford*, 89 Conn. 24, 92 Atl. 675, where the municipality was held liable to a traveler who fell into an excavation several feet from the highway.

These cases establish beyond question the rule that an owner of property abutting on a highway rests under an obligation to use reasonable care to keep his premises in such condition as not to endanger travelers in their lawful use of the highway; and that if he fails to do so, and thereby renders the highway unsafe for travel, he makes himself liable although the consequent injury is received upon his own land and not on the highway.

Irrespective of authority, the rule is one of public necessity. The maintenance on private property of a dangerous menace to public travel is, as was observed in *Norwich* v. *Breed*, a nuisance; and when the danger is of such a character as ought to awaken in a prudent owner a reasonable foresight of harm to travelers on the highway, the duty to take care is undeniable.

The alleged breach of duty in this case is two-fold; that the defendant failed to use reasonable care in preventing this chain from becoming charged with a current of electricity dangerous to travelers in the highway, and that it failed to use reasonable care in discovering the fact that the chain was so charged and in taking steps to prevent travelers from coming in contact with it.

Error and cause remanded with directions to set aside the judgment, and overrule the demurrer to the complaint.

In this opinion the other judges concurred, except WEBB, J., who dissented.