[Civ. No. 17433.   Second Dist., Div. Two.   Apr. 14, 1950.]

EDWARD M. BARLOW, as Administrator, etc., Appellant, v. LOS ANGELES COUNTY FLOOD CONTROL DISTRICT et al., Respondents.

Edward Flam and Derthick & Cusack for Appellant.

Harold W. Kennedy, County Counsel, J. P. Wright, Deputy County Counsel, and Bishop Moore for Respondents.

WILSON, J.—This is an action to recover damages for the wrongful death of decedent, Arthur M. Barlow. Defendants Flood Control District and Debus filed separate demurrers to the first amended complaint which were sustained without leave to amend. Plaintiff presented a motion for leave to file a second amended complaint.* The motion was denied and

---

*The proffered second amended complaint contained in addition to the allegations set forth in the first amended complaint the following:

"The flood control channel constructed by the defendant Los Angeles County Flood Control District followed said easement diagonally across said Lot 174 and thus caused a triangular piece of said lot to remain between the said channel and the Westerly line of said Brookside Lane. The owners of said Lot 174, prior to the year 1948, constructed a garage on the Southerly base of the above described triangular piece of Lot 174 and negligently and carelessly caused the remaining or Northern portion of said triangular piece of land to be hard surfaced or paved with the same type of material that was used in the construction of the pavement of Brookside Lane and joined the surface or pavement of said triangular piece with the pavement of Brookside Lane without noticeable offset and thereby caused said triangular piece of Lot 174 lying between the Westerly boundary line of said Brookside Lane and the unguarded easterly edge of said flood control channel to appear to be a part of said Brookside Lane.

"The situation thus created was one which was designed to mislead and deceive any person traveling in a northerly direction on the westerly side of Brookside Lane in the darkness, and it did mislead and deceive Arthur M. Barlow on the night of May 31, 1948, as hereinafter described and caused him to believe that he was traveling within and upon the paved portion of said Brookside Lane while passing said Lot 174, while in reality he had departed from said highway, and fell into the easterly side of said flood control channel without having made an apparent or noticeable departure from said public highway.

"Plaintiff is informed and believes and upon such ground alleges that said condition was created by the defendants Harold L. Debus, Gladys M. Debus, Addie M. Venio, Jane Doe and John Doe or their predecessors in interest and if created by their predecessors in interest the defendants negligently and carelessly permitted, said hazardous condition to exist on their premises approximately adjacent to the public highway. Attached hereto and marked Exhibit A is a photograph showing the garage herein referred to and the paved triangular area of said Lot 174 and its juncture with the pavement of Brookside Lane. The wooden railing or barrier marked with the letter B on said photograph has been erected since May 31, 1948."

judgment was thereafter entered in favor of defendants, from which plaintiff has appealed.

The amended complaint alleges that decedent died as the result of having fallen into the flood control channel hereinafter described; that defendants Debus are the owners of Lot 174 which fronts on Brookside Lane; that they granted an easement thereover to defendant Flood Control District; that the latter constructed a channel within the boundaries of its easement to a depth of approximately 12 feet below the grade of Brookside, the floor and walls of which were constructed of rock and cement and the easterly wall of the channel extended approximately one foot above the grade of the lane; that the easement extends to the extreme easterly boundary of Lot 174 along the northerly 11 feet of the frontage of the lot on Brookside Lane and from that point bears southwesterly across the remainder of the lot; that on May 31, 1948, at about 8:30 p. m., decedent was walking in a northerly direction on the left or westerly side of Brookside and while passing Lot 174, at a time when the flood control channel was concealed from him by reason of darkness, he walked from the roadway into the channel and suffered injuries which resulted in his death; that the point where decedent fell into the channel was approximately 2 feet west from the westerly boundary of Brookside Lane, that is to say, a portion of Lot 174 approximately two feet in width lay between the westerly line of Brookside and the easterly wall of the flood control channel at the point where decedent fell; that there was no protecting fence, railing or other device to prevent a pedestrian lawfully using the street from falling into the channel, and no notice, light or warning device was maintained by defendants to warn a traveler using Brookside Lane of the existence of the danger; that the maintenance of the flood control channel and the approaches thereto on and adjacent to Brookside constituted a trap or hazard to persons traveling thereon.

1. *The cause of action against the Flood Control District.*

Neither the first amended complaint nor the proposed second amended complaint stated a cause of action against defendant district. A public corporation of the state may be sued only in those cases specifically authorized by law. (*Whiteman* v. *Anderson-Cottonwood Irr. Dist.*, 60 Cal.App. 234, 243 [212 P. 706].) Plaintiff contends that defendant Flood Control District is brought within the rule above stated by sec-

tion 2 of the Public Liability Act (Stats. 1923, ch. 328, p. 675, 2 Deering's Gen. Laws, 1944 ed., p. 2062, Act No. 5619) which reads in part as follows: ''Counties, municipalities and school districts shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, highways, buildings, grounds, works and property . . .'' ▇ Defendant Flood Control District is not one of the public corporations made liable by the statute for injuries or death due to the dangerous or defective condition of its property, hence there was no error in the order sustaining the demurrer of the district without leave to amend. (*Brandenburg* v. *Los Angeles County Flood Control Dist.*, 45 Cal. App.2d 306 [114 P.2d 14]. See, also, *Whiteman* v. *Anderson-Cottonwood Irr. Dist.*, *supra*; *Sherbourne* v. *Yuba County*, 21 Cal. 113 [81 Am.Dec. 151]; *Miller* v. *City of Palo Alto*, 208 Cal. 74 [280 P. 108].) *House* v. *Los Angeles County Flood Control Dist.*, 25 Cal.2d 384 [153 P.2d 950], did not overrule the Brandenburg case. In the House case it was charged that the district removed a safe and secure protection to the plaintiff's land and substituted an unsafe and negligently planned bank resulting in the overflow of her property. No comparable allegation appears in the instant case. The construction of a wall one foot in height along the bank of the channel, without further allegation, is insufficient to charge negligence and recoverable damage.

In the instant case there is no allegation that there was any defect in the plan of the public improvement or negligence in its construction, or that the procedure followed by the district was so grossly incompetent and contrary to good engineering practices as to constitute negligence. There is nothing in *Hunt* v. *Authier*, 28 Cal.2d 288 [169 P.2d 913, 171 A.L.R. 1379], sustaining plaintiff's position.

2. *The cause of action against defendants Debus.*

▇ The proposed second amended complaint stated a cause of action against defendants Debus, and it was error to refuse to permit its filing. The allegation that they, the owners of the portion of the lot not occupied by the flood control channel, maintained a pavement thereon of material of the same type as that used for the pavement of the adjacent street and joined their pavement with that of the street so that there was no noticeable difference between the surface of the street and defendants' property and that they did not guard the edge of the flood control channel, presents an issue of negligence that should be placed before a jury.

Section 367, Restatement of the Law of Torts, reads as follows: "DANGEROUS CONDITIONS UPON LAND APPEARING TO BE A HIGHWAY. A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway, is subject to liability for bodily harm caused to them while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel."*

In Prosser on Torts, page 604, is the following language which is sustained by the cases cited by the author: "[I]f he [an occupier of land abutting on a highway] so maintains a part of his land that it appears to be a highway, as where he paves a strip next to the street, or gives a private way the appearance of a public one, he must use reasonable care to see that there is no danger to those who are misled into using it. It is often said in such cases that there is an implied 'invitation' to enter, but the true basis of liability seems to be the misrepresentation as to the character of the property."

There was no sidewalk along the street. Decedent was walking northerly along the westerly side of the street as pedestrians are required to do. (Veh. Code, § 564.) Since the pavement of the street was similar to that of defendants' property and there was neither warning by barrier, light or otherwise to indicate to him as he walked in the darkness that he had passed beyond the line of the street onto defendants' lot, he had a right to believe he was continuing his journey in the public street and to assume he might do so without danger. The existence of the pavement on defendants' property was an invitation to him so to do. Its location was such

---

*Comments a, c and d following section 367 read:

"a. One whom a possessor of land intentionally or negligently misleads into believing that part of his land is a public highway, is entitled to expect that the possessor will afford him a security similar to that which he would be entitled to expect were the land actually a highway.

"c. The rule stated in this Section applies not only where the possessor of land has paved a strip of his land adjoining the highway or has otherwise dealt with it so as to make it appear to be part of the highway, but also where he has so constructed a private road branching off from a public highway that he should realize that persons traveling on the highway would reasonably regard it as a continuance thereof.

"d. In addition, the possessor, having misled others into believing that part of his premises is a public highway, is under the same duty to them in respect to the maintenance of the rest of his land adjacent thereto and in respect to the activities conducted thereon as though such part were actually a public highway."

as to mislead and deceive any person traveling along Brookside Lane in the darkness and apparently did deceive decedent and led him to his death. Having created such a condition it was the duty of defendants to guard against his falling into the channel.

Decedent was not a trespasser within the rule that a property owner owes no duty to a trespasser. In *Folkins* v. *Johnston*, 124 Cal.App. 169 [12 P.2d 153], the defendant was constructing a state highway. At a point where the new construction separated from the old road the plaintiffs' automobile, traveling at night, instead of turning from the new highway, which had been paved for only a short distance beyond the point of separation, continued into the uncompleted new highway. The latter was unprotected by barriers, lights or other warning. The automobile ran into a pile of gravel which also was without any warning device. The contractor having created a situation of danger was held responsible for the damage. The court held that the fact that the gravel pile on the new highway was 55 feet beyond the point where the roads separated and that the plaintiffs could not have reached it without trespassing was no defense; that by the condition created by the contractor the plaintiffs "were lulled into a security in entering the unfinished part of the road on the appearance of the same being completed."

While defendants did not construct the flood control channel, they were maintaining the pavement that led to its brink which was a trap for every pedestrian traveling along the street in the darkness. The situation thus existing through the agency of defendants made them amenable to the same rules to which they would have been responsive had they actually made the excavation. That they too late became aware of their duty is attested by the photograph of the scene of the accident attached to the proposed second amended complaint, which shows a guardrail along the bank of the flood control channel, and the allegation in the pleading that the guardrail had been constructed subsequently to decedent's death.

The text of the Restatement and the accompanying comments are supported by the rule expressed in the California cases, to wit, that if a person maintains an excavation or other dangerous agency or installation on his land in close proximity to a public street without an enclosure or other protection to persons and without warning of danger a complaint stating such facts and alleging that the plaintiff suffered injuries as a result of having fallen into the excavation or of having

come into contact with the dangerous agency or installation is good against a demurrer. (*Carroll* v. *Central Counties Gas Co.*, 74 Cal.App. 303, 307 [240 P. 53]; *Malloy* v. *Hibernia S. & L. Society*, 3 Cal. Unrep. 76, 78 [21 P. 525]; *Marton* v. *Jones*, 44 Cal.App. 299, 301 [186 P. 410]; *County of Alameda* v. *Tieslau*, 44 Cal.App. 332, 336 [186 P. 398]; *Folkins* v. *Johnston, supra*.) The same rule has been stated in other jurisdictions. (*Crogan* v. *Schiele*, 53 Conn. 186 [1 A. 899, 5 A. 673, 55 Am.St.Rep. 88]; *Ruocco* v. *United Adv. Corp.*, 98 Conn. 241 [119 A. 48, 30 A.L.R. 1237], *Haughey* v. *Hart*, 62 Iowa 96 [17 N.W. 189, 49 Am.Rep. 139].) The question of defendant's negligence in maintaining such an unprotected agency or installation is one of fact for the jury to determine. (*Gerberich* v. *Southern Cal. Edison Co.*, 5 Cal.2d 46, 50-51 [53 P.2d 948]; *Norton* v. *City of Pomona*, 5 Cal.2d 54, 61 [53 P.2d 952].)

█ When property adjoining or connected with a public highway is so paved that a person traveling in the darkness cannot ascertain when he has passed from the highway onto such other property and by means of such pavement the traveler is led to believe he is on the highway, such traveler (1) is not a trespasser when he passes over the line onto the private property, and (2) if injured by falling into an unguarded excavation may recover damages from the property owner who has maintained the condition which led him to believe he was on the public pavement. (*Folkins* v *Johnston, supra*; *Crogan* v. *Schiele, supra*.)

The general rule, which defendants contend absolves them from liability, that the owner of property owes no duty to trespassers to keep his property in a safe condition or to warn of danger existing thereon is applicable where the injured person is clearly a trespasser on his own volition and where the conditions are such that by the ordinary exercise of his senses he could have avoided the danger. The rule is subject to many exceptions, some of which are stated in the cases above cited, and insofar as the instant case is concerned they need no further elaboration. The cases relied on by defendants are so dissimilar to the case at bar that they afford no support to the judgment. In *Doyle* v. *Pacific El. Ry. Co.*, 6 Cal.2d 550 [59 P.2d 93], the minor plaintiff climbed a ladder from the balcony of a dance hall through an opening in the ceiling and fell through a skylight. Obviously the defendant could not reasonably have expected such an occurrence and was not negligent in failing to protect against it. A mere casual read-

ing of *Leslie* v. *City of Monterey*, 139 Cal.App. 715 [34 P.2d 837], and *Galiano* v. *Pacific G. & E. Co.*, 20 Cal.App.2d 534 [67 P.2d 388], is sufficient to show neither has any analogy whatsoever to the instant case.

The judgment is reversed as to defendants Debus with directions to permit plaintiff to amend his pleading further as to them in such manner as he deems proper. The judgment is affirmed as to Los Angeles County Flood Control District.

Moore, P. J., concurred.

McCOMB, J.—I would affirm the judgment of the trial court as to each defendant.