LESTER MERCIER *v.* THE NAUGATUCK FUEL COMPANY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 7—decided February 24, 1953

*Francis J. McCarthy,* with whom was *Warren Maxwell,* for the appellant (defendant).

*Edward Seltzer,* for the appellee (plaintiff).

O'SULLIVAN, J.  The plaintiff brought this action in one count to recover damages for personal injuries occasioned by his falling into a pit located on the defendant's property.  A second count was subsequently added to the complaint.  The jury returned a general verdict for the plaintiff.  The single assignment of error on the defendant's appeal is directed to the court's denial of the motion to set aside the verdict as being contrary to law and against the evidence.

The jury could reasonably have found the following facts: Church Street, a business thoroughfare in Naugatuck, runs north and south. Smith Lane intersects it only from the east. At night, Church Street is well illuminated; Smith Lane is unlighted and dark. On February 16, 1947, the defendant owned the land at the northeast corner of the intersection of the two streets. On that part, right at the corner, it operated a gasoline service station. In connection therewith, it maintained on the premises a deep pit, originally built as an aid in greasing automobiles but, on the date mentioned, used to store a small tank. The pit was located under a hip roof extending northerly from a one-story service building set back from but parallel with and facing Church Street. The northerly end of this roof was supported by two brick columns erected at a sufficient distance from the north face of the service building to permit one to drive an automobile under the protecting roof for the purpose of stopping directly over the pit. At substantially an equal distance to the north of the columns was a large brick building, belonging to the defendant, abutting on Church Street and extending back for a considerable distance.

There were no signs, curbs or markings on the ground to indicate where Smith Lane intersected Church Street. The pavement of the former and the east sidewalk of the latter were of concrete. In color and looks, this concrete was similar to that with which the defendant had covered the exposed surface of the service station, including the area between the two buildings referred to. The surface thus paved was at grade with the adjoining sidewalk on Church Street and with Smith Lane. Because of the layout and the construction of the station, it gave the ap-

pearance of having a narrow thoroughfare, running easterly from Church Street, on each side of the one-story service building.

The plaintiff was an inspector for the liquor control commission. He was in Naugatuck after midnight on February 16, 1947, for the purpose of ascertaining whether the state liquor laws were being violated by those in charge of a club located in a building diagonally across Church Street from the service station. In company with a fellow inspector, he had met three officers of the local police department and with them had arranged plans for his mission. It was decided that the plaintiff should enter the building and that, after completing his investigation, he should rejoin the others at an automobile to be parked in Smith Lane to the rear of the defendant's station.

The five men first drove north on Church Street. One of the officers called the plaintiff's attention to the club as their car passed it. Shortly thereafter, the automobile was stopped and the plaintiff got out. The car was then driven to Smith Lane where, with its lights turned off, it was parked facing westerly toward Church Street and with the entrance of the club in view of the officers.

Shortly after 1 a.m., the plaintiff, having completed his investigation, left the club and proceeded to the street. He walked diagonally from the westerly to the easterly side of Church Street in search of Smith Lane, the exact location of which was vague in his mind. It was foggy at the time and visibility was rather poor. The plaintiff saw the service station and what to him appeared to be a public lane. This, however, was the area between the defendant's more northerly building and the two brick columns supporting the roof over the pit. The plaintiff pro-

ceeded to walk easterly over this space and had taken five or six steps from the sidewalk when he found himself confronted by a chain. He then took one or two cautious steps to his right and fell into the pit, receiving the injuries alleged.

As previously indicated, the complaint is in two counts. The second is based on the theory that the defendant must assume liability because the pit was maintained so near to the easterly sidewalk on Church Street that use of that walk was made dangerous for those who, like the plaintiff, were travelers upon it. *Tenney* v. *Pleasant Realty Corporation*, 136 Conn. 325, 329, 70 A.2d 138; *Sawicki* v. *Connecticut Ry. & Lighting Co.*, 129 Conn. 626, 631, 30 A.2d 556; *Sedita* v. *Steinberg*, 105 Conn. 1, 9, 134 A. 243; *Ruocco* v. *United Advertising Corporation*, 98 Conn. 241, 245, 119 A. 48; *Norwich* v. *Breed*, 30 Conn. 535, 545; see *Beardsley* v. *Hartford*, 50 Conn. 529, 538; *Hynes* v. *New York Central R. Co.*, 231 N. Y. 229, 235, 131 N.E. 898. Whether the facts bring this case within the second count need not be determined. The general verdict which the jury returned for the plaintiff must stand since it can be supported under the first count. *Sheeler* v. *Waterbury*, 138 Conn. 111, 114, 82 A.2d 359; *Knight Realty Co.* v. *Caserta*, 126 Conn. 162, 166, 10 A.2d 597; *Ziman* v. *Whitley*, 110 Conn. 108, 112, 147 A. 370; see *Meglio* v. *Comeau*, 137 Conn. 551, 553, 79 A.2d 187.

The first count is based on the theory that the plaintiff entered upon the service station as an invitee. This theory rests on the premise that the defendant had paved its station in such a manner as to give to travelers on the adjacent sidewalk the impression that a public passageway ran off at that point from Church Street, and that, because of this condition, they were induced to make use of the area

and, in this manner, were lured toward the pit. "A possessor of land who so maintains a part thereof that he knows or should know that others will reasonably believe it to be a public highway, is subject to liability for bodily harm caused to them while using such part as a highway, by his failure to exercise reasonable care to maintain it in a reasonably safe condition for travel." Restatement, 2 Torts § 367; *Barlow* v. *Los Angeles County Flood Control District*, 96 Cal. App. 2d 979, 982, 216 P.2d 903; *Louisville & N. R. Co.* v. *Anderson*, 39 F.2d 403, 405; notes, 174 A.L.R. 471, 476, 159 A.L.R. 136, 142, 14 A.L.R. 1397, 1409. The rule applies only to those whom the possessor of the land has misled. Restatement, 2 Torts § 367, comment a and special note. If they are in fact misled and for that reason enter upon the land, they are not trespassers but invitees. *Crogan* v. *Schiele*, 53 Conn. 186, 200, 1 A. 899; *Beckwith* v. *Somerset Theatres, Inc.*, 139 Me. 65, 69, 27 A.2d 596. Under such circumstances, the possessor owes them the duty of exercising reasonable care to maintain the land in a reasonably safe condition. *Delmore* v. *Polinsky*, 132 Conn. 28, 30, 42 A.2d 349.

The plaintiff was injured at night. He was not familiar with the station and knew nothing of the existence of the pit. As he proceeded along the easterly sidewalk of Church Street, he was looking for Smith Lane. There was nothing to mark the line of demarcation between the walk and the station. Both were at grade and covered by the same material. Looking to his left, he saw what reasonably seemed to be a public passageway between the defendant's two buildings. The jury could reasonably have concluded that the station's pavement misled the plaintiff into the belief that this was Smith Lane, the very name of which suggests a narrow way

or alley. To paraphrase what was stated in the *Crogan* case, supra, 198, it will not answer for the defendant to say to the plaintiff, "True it is that by my act there was an apparent, visible, manifest public way extending between my two buildings, but you, a stranger, must be held to know otherwise, although I have so built and maintained the passageway leading from the sidewalk that you were naturally misled thereby." Furthermore, the jury could reasonably have concluded that the pit was a danger against which reasonable care by the defendant would have guarded those who, like the plaintiff, might be lured onto the station.

The defendant attempts to escape from liability on the claim that the plaintiff had testified that he was not misled and that, in any event, he was guilty of contributory negligence. Neither claim has merit. The latter presented a question of fact and, obviously, the jury refused to find that the defendant had established its special defense of contributory negligence. General Statutes § 7836. As to the former, the short answer is that the defendant gives an unwarranted interpretation to some of the plaintiff's answers. For example, the plaintiff testified that he knew he was leaving the Church Street sidewalk. From this and other bits of testimony, the defendant insists that the plaintiff knew he was proceeding over private property and, hence, was a trespasser. This is a non sequitur. His testimony in this particular meant no more than that in entering upon what he thought was Smith Lane he was leaving the Church Street sidewalk behind.

The defendant's final claim is that the plaintiff, in taking two steps to his right after coming upon the chain, departed from the area to which, under the rule, he had impliedly been invited. Whether the

plaintiff had exceeded the extent of his invitation presented a question of fact, under proper instructions from the court. *Smith* v. *L. & S. Corporation,* 133 Conn. 105, 107, 48 A.2d 239. The charge, which is not printed, is presumed to have been correct. *Schroeder* v. *Hartford,* 104 Conn. 334, 336, 132 A. 901. The jury were warranted in concluding that the action of the plaintiff in taking the steps to the right did not remove him from the rather indefinite area over which he had been invited to walk.

There is no error.

In this opinion the other judges concurred.