[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this case the plaintiff seeks to recover damages from the State of Connecticut for personal injuries she sustained when she fell on property owned by the defendant. After a trial the court finds the following facts.
On September 21, 1988 at approximately 9:00 A.M. the plaintiff sustained personal injuries when she slipped and fell on property owned by the State. The property was used by the State to provide parking for Department of Transportation vehicles and was located on the left side of Saugatuck Avenue in Westport, Connecticut. The property was located near the CT Page 10340 Westport train station. The plaintiff had parked her vehicle on the property approximately once each month during the two year period prior to her fall. The surface of the property was dirt and gravel and had not changed during the period on which the plaintiff had been parking there.
There were commuter parking lots which were also near the Westport train station. The payment of a fee was required in order to park in those commuter parking lots. The State of Connecticut did not invite the public to park on the property and, did not collect any fee from people such as the plaintiff who did park there.
The accident occurred as the plaintiff was walking on the defendant's property toward the train station. She lost her balance and felt herself slipping, fell, and sustained a tri-malleolar fracture of her right ankle.
Photographs of the location of the plaintiff's fall revealed that the area was a relatively flat, dirt surface covered with small sized gravel. The plaintiff introduced expert testimony that the area of the fall was unreasonably dangerous because it had a grade of approximately 7% and because the gravel covering the surface acted with a "ball bearing" effect.
The parties disagree as to whether the status of the plaintiff at the time of her fall was that of trespasser, a licensee, or an invitee. As a general rule the owner or possessor of real estate owes no duty to trespassers to keep the property in a reasonably safe condition for their use, since he may properly assume they will not be there. Morin v. Bell Court Condominium Ass'n., Inc., 223 Conn. 323, 328, ___ A.2d ___ (1992); Hale v. Crestline Realty, Inc., 148 Conn. 643, 646,173 A.2d 500 (1961); Greene v. DiFazio, 148 Conn. 419, 422,171 A.2d 411 (1961).
"In order to establish liability as to a licensee, three essential elements must be present: (1) that the defendant knew of the presence of the plaintiff; (2) that it thereby failed to exercise reasonable care to refrain from actively subjecting the plaintiff to danger or to warn him of a dangerous condition of which it knew and of which it could not reasonably assume the licensee knew and which by reasonable use of his facilities would observe; and (3) that such failure constituted CT Page 10341 the proximate cause of the plaintiff's injuries. Hennessey v. Hennessey, 145 Conn. 211, 213, 140 A.2d 473 (1958)" Morin v. Bell Court Condominium Ass'n., Inc., 25 Conn. App. 112, 116,593 A.2d 147 (1991).
The plaintiff claims that she was a "misled invitee" in that she was misled into believing that private land was public and was, therefore, an invitee to whom the defendant owed a duty of exercising reasonable care to maintain the land in a reasonably safe condition. Mercier v. Naugatuck Fuel Co.,139 Conn. 521, 95 A.2d 263 (1953); Lucier v. Meriden-Wallingford Sand Stone, Co., 153 Conn. 422, 216 A.2d 818 (1966).
The court need not determine whether the plaintiff had the status of trespasser, licensee or invitee because the court finds that the portion of the defendant's property on which the plaintiff fell was not unreasonably dangerous. It consisted of relatively flat dirt covered with small gravel and was in reasonably safe condition for all who passed over it.
Based on the foregoing, the court enters judgment in favor of the defendant.
Aurigemma, J.