[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs purchased a single family home from the defendants on March 28, 1994. Seven months later, they brought this civil action alleging that defendants had represented to them that the septic system was functioning adequately and without problems when they knew or should have known that those representations were false. The words pleaded, "knew or should have known," connote a claim of negligence. Ruocco v. UnitedAdvertising Corp., 98 Conn. 241, 244 (1922); O'Keefe v. NationalFolding Box and Paper Co., 66 Conn. 38, 45, 33 A. 587 (1895). Accordingly, the claim here is for negligent representation.
The defendants' claim of merger is disposed of by Matyas v.Matyas, 37 Conn. App. 327 (1995).
The case having been tried to the court without a jury the court finds the issues for the plaintiffs. The court finds the plaintiffs' damages to be $13,017.91.
The plaintiffs filed an offer of judgment in the amount of $12,000 on February 8, 1995, ten months ago. Pursuant to General Statutes § 52-192a(b), therefore, the plaintiffs are entitled to interest on the amount of damages in the amount of $1,310. Since the court finds that the plaintiffs' complaint sounds in negligence, the plaintiffs are not entitled to attorneys fees.
Judgment may enter for the plaintiffs in the amount of $14,327.91, plus taxable costs.
BY THE COURT,
LEVIN, JUDGE CT Page 13999