[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The present case sounds in negligence and recklessness. Before the court are two motions to strike the recklessness claims, one brought by each defendant. On or about July 22, 1998, Emanuel Jerez drowned in Candlewood Lake. He was swimming in the designated swimming at the Candlewood Town Park when he allegedly became entangled in dense underwater vegetation. The decedent was lawfully on the premises. The decedent's Administratrix has named the city of Danbury, and the Connecticut Light and Power Company (CLP) as defendants. Counts one and two allege negligence and recklessness against Danbury, and counts three and four allege negligence and recklessness, respectively, against CLP both defendants filed individual motions to strike the respective recklessness claim against it on the ground that Jerez fails to allege sufficient facts to support a claim of recklessness.
"The purpose of the motion to strike is to contest.., the legal sufficiency of the allegations of any [complaint]. . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter Michael. Inc. v. Sea Shell Associates, 244 Conn. 269, 270 (1998). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68 (1997). "[I]t is well established that pleadings should be read broadly and realistically, as opposed to narrowly and technically." Cotto v. United Technologies Corp., 251 Conn. 1,42 (1999). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. v. BOC Group. Inc.,224 Conn. 210, 215 (1992).
Recklessness is "a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them." (Brackets in original; internal quotation marks CT Page 9822 omitted.) Elliot v. Waterbury, 245 Conn. 385, 415 (1998). "There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." (Internal quotation marks omitted.) Kostiuk v.Queally, 159 Conn. 91, 94 (1970). "A cause of action claiming wanton and reckless misconduct is separate and distinct from a cause of action alleging negligence." (Internal quotation marks omitted.) Belanger v.Village Pub I, Inc., 26 Conn. App. 509, 513 (1992).
Both CLP and Danbury argue that Jerez merely realleges her negligence claims as recklessness. They argue that where the factual predicate for both claims is the same, the count for recklessness must be stricken as legally insufficient. Jerez counters that counts two and four contain additional allegations that Danbury and CLP "had prior notice of the dangerous and defective conditions and recklessly failed to repair the defective conditions.
Specifically, counts two and four allege that "[t]he aforesaid incident and the consequences emanating therefrom were caused by the reckless conduct of the defendant[s], [Danbury and CLP], in one or more of the following ways: Without just cause or excuse failing to listen to numerous complaints and requests to repair the defective condition(s) present and existing in Lake Candlewood. Without just cause or excuse, failing to repair the defective condition upon notice of said condition from numerous sources over the course of many years." These allegations do not appear in either of the counts of negligence. Accordingly, Jerez argues that she has "claimed additional facts that the defendants knew or had reason to know and were actually placed on constructive and actual notice of the dense underwater vegetation which caused Plaintiffs decedent's death."
"[T]his court has held that the same factual predicate may sometimes support claims for both negligence and recklessness." Tucker v. Brookfield, Superior Court, judicial district of Danbury, Docket No. 332516 (March 11, 1999, Moraghan, J.). The dispositive issue is whether the claims rise to the level of recklessness, not the extent to which they repeat language from the negligence claims. See Kopesky v. Connecticut American Water Co., Superior Court, judicial District of Stamford-Norwalk at Stamford, Docket No. 145791 (August 2, 1999, D'Andrea, J.).
Jerez's allegations that Danbury and CLP received "numerous complaints" about the underwater vegetation do not rise to the level of recklessness. The complaint contains no allegation that either defendant knew or had reason to know "of facts which would lead a reasonable man to CT Page 9823 realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent." 2 Restatement (Second), Torts 500 (1965); see also Bishop v. Kelly,206 Conn. 608, 614-15 (1988) "[r]ecklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater. than that which is necessary to make his conduct negligent. . ." (Citations omitted; emphasis added; internal quotation marks omitted.) Jerez's allegations in counts two and four do not rise to this level because they do not allege knowledge of a serious danger on the part of Danbury or CLP, nor do they allege that either Danbury or CLP recognized that the alleged risk posed by the underwater vegetation was substantially greater than a negligent risk.
Even under a generous interpretation of the Jerez's claims; see ATCPartnership v. Windham, 251 Conn. 597, 603 (1999); counts two and four connote negligence, not recklessness. See Conforti v. ABF FreightSystem, Inc., Superior Court, judicial district of New Haven, Docket No. 410832 (June 17, 1999, Levin, J.) ("[t]he other operative allegation of this count, that the "defendant knew or should have known said act would result in said injuries to plaintiff, connote a claim of negligence, not recklessness. Ruocco v. United Advertising Corp. 98 Conn. 241, 244. . . (1922). . . ."). (Citations omitted.) "To raise an allegation of wilful conduct, the plaintiff must clearly plead that the accident was caused by the wilful or malicious conduct of the defendants." (Emphasis added.)Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 129, 139
(1984).[1]
Jerez relies on Roache v. Rogers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 354114 (July 26, 1999, Skolnick, J.), which is distinguishable from this case. In Roache, the plaintiff alleged that the "defendants knew of the defective plumbing that caused the unsafe condition.... Specifically, the plaintiff alleges that the defendants were warned of the unsafe and dangerous condition and allowed this condition to exist for a long period of time.... As the plaintiff has alleged that the defendants knew or had reason to know that the defective plumbing created a high risk of harm, the plaintiff has alleged sufficient facts to state a claim for recklessness." (Citation omitted; emphasis added; internal quotation marks omitted.) See also Triano v.Fitzpatrick, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 494828 (February 17, 2000, Graham, J.) (26 Conn. L. Rptr. 454) (plaintiff alleged sufficient facts where defendant allegedly operated on the wrong eye knowing total blindness could CT Page 9824 result); Haley v. Connecticut Light and Power Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 059027 (November 9, 1999, Nadeau, J) (plaintiff alleged intentional behavior with a conscious disregard of substantial risk); Kopesky v. ConnecticutAmerican Water Co., Superior Court, judicial District of Stamford-Norwalk at Stamford, Docket No. 145791 (August 2, 1999, D'Andrea, J.) (plaintiff alleged reckless disregard for consequences); Thompson v. Buckler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153789 (January 27, 1999, D'Andrea, J.) (plaintiff properly alleged all elements of recklessness, including, inter alia, defendant knew or should have known of a serious danger of substantial risk of harm).
Here Jerez makes no additional allegations that distinguish the recklessness claims from simple negligence. See Klinkowize v. GreenwhichHospital Assn., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 170276 (February 28, 2000, Lewis, J.) ("a claim of recklessness must allege that the defendant consciously pursued a course of action despite the fact that a reasonable person would have foreseen the substantial risk to the plaintiff'); Cornelio v. Stamford Hospital, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160804 (February 1, 2000, Tierney, J.) (no specific allegations of recklessness or wanton conduct); Conduah v. Herb Chambers, Inc., Superior Court, judicial district of Hartford at Hartford, Docket No. 580919 (May 28, 1999, Peck, J.) (recklessness count fails to allege behavior demonstrating highly unreasonable conduct involving extreme departure from ordinary care).
To reiterate, Jerez's allegations that Danbury and CLP were notified of the allegedly dangerous condition do not rise to the level of recklessness. Accordingly, CLP's motion to strike count four is granted as is Danbury's motion to strike count two.