JACK LESSOW *v.* MINNIE SHERRY

MALTBIE, C J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued December 5, 1946—decided January 9, 1947

*DeLancey Pelgrift,* with whom, on the brief, was *E. A. Massey,* for the appellant (defendant).

*Morton E. Cole,* with whom were *Milton Krevolin* and, on the brief, *Cyril Cole* and *Daniel A. Bason,* for the appellee (plaintiff).

DICKENSON, J. This is an action for damages for personal injuries sustained by the plaintiff as a result of a fall upon the defendant's sidewalk. The jury rendered a verdict for the plaintiff and the defendant has appealed from the denial of her motion to set aside the verdict and from the judgment, assigning error in the charge. There were no requests to charge and no objection was made to the trial court's charge after it was delivered, although the court invited criticism of it at that time. We,

therefore, consider only the denial of the motion to set aside the verdict. Practice Book § 156.

Viewing the evidence in the light most favorable to the plaintiff, the jury reasonably might have found the facts as follows: The defendant is the owner of a dwelling house on Sharon Street, Hartford. A private walk extends from the public sidewalk to the rear of the house. On January 18, 1943, between 7 and 8 p.m., the plaintiff, a fruit and vegetable peddler, made a delivery at the defendant's house, using the private walk. While returning over it, he slipped and fell on ice. Thick ice had covered the walk for three days prior to the fall. The walk slanted from the house toward the public sidewalk and the plaintiff was walking down grade when he fell. There were no ashes or sand on the ice. A warm rain was falling at the time and there was water on the ice.

The sole claim of the defendant is that the federal weather reports in evidence furnish indisputable evidence of a freezing rain throughout the day that glazed the surface of sidewalks, that it was upon this new ice that the plaintiff must have fallen, and not upon the old ice, as he claims, and hence that he could not recover on the theory upon which the case was tried. The weather report relied upon recites that the temperature on January 18 was 30 degrees Fahrenheit from 1 to 5 a.m., 31 degrees from 5 to 8 a.m., 32 degrees from 8 a.m. to 2 p.m., 33 degrees from 2 to 5 p.m., 32 degrees from 5 to 6 p.m., 31 degrees from 6 to 8 p.m. and 30 degrees from 8 to 9 p.m. The report contains the further notation: "Glazing continued from yesterday and ended at 5:20 a.m. It began again at 9:55 a.m. and continued throughout the day (i.e., all precipitation dur-

ing the day fell in the form of freezing rain or freezing drizzle). Light fog again occurred from 4:15 p.m. to past midnight. At the 1:30 a.m. observation, the glaze which had been forming for nearly the past 24 hours had accumulated to an estimated depth of $\frac{1}{10}$ inch. Sidewalks and roads were slippery all day, but were exceptionally slippery throughout the morning because of polished ice surfaces under traffic, and pavements thinly coated with fresh glaze. Glaze depth was still estimated at $\frac{1}{10}$ inch at 1:30 p.m. Ice and snow surfaces on walks and in streets melted somewhat during afternoon and evening, developing slush and rough surfaces under traffic. Slush and water were frozen by 9:00 p.m." The claim of the defendant is that this evidence is indisputable and conclusive of weather conditions and refutes the testimony of the plaintiff that it was the old ice that caused his fall and that water stood upon this at the time of it.

We early recognized the admissibility of the government weather bureau reports as evidence of conditions at or near the location in question, holding that any difference between that location and the point where the observations were taken went to the weight rather than the admissibility of such evidence. *Mears* v. *New York, N. H. & H. R. Co.,* 75 Conn. 171, 176, 52 A. 610. In the later case of *Bjorkman* v. *Newington,* 113 Conn. 181, 154 A. 346, we said (p. 187) that such evidence was admissible "if it appeared that there was such proximity as to show, or justify an inference, that the weather conditions at the time in question were substantially identical" in the two locations. No evidence was offered as to the distance between the location of the weather bureau and that of the defendant's prem-

ises or of differences in weather conditions. The weather report came in without objection, concededly the location at which the observations were made and that where the accident occurred were both in Hartford, and presumably the weather conditions were substantially the same at both. Even so we cannot say that they furnished indisputable evidence of the facts claimed by the defendant. For the rule to apply, the facts must be so indisputable that contrary testimony must be either intentionally or unintentionally untrue and there is no real question of evidence concerning which reasonable minds could reasonably differ. *Budaj* v. *Connecticut Co.*, 108 Conn. 474, 476, 143 A. 527; *Mlynar* v. *Merriman & Sons, Inc.*, 114 Conn. 647, 650, 159 A. 658; *Horvath* v. *Tontini*, 126 Conn. 462, 464, 11 A.2d 846. The temperature readings in the weather report of January 18 and the statement that there was slush on walks in the afternoon and that "slush and water were frozen by 9:00 p.m." serve to support, rather than contradict, the testimony of the plaintiff that some time between 7 and 8 p.m. he slipped on old ice on which there was water and not new ice. At most the report as a whole is not so conclusive of the existence of new ice at the time that it can be said that a contrary conclusion of the jury was so unreasonable that the trial court should have set the verdict aside.

There is no error.

In this opinion the other judges concurred.