ANNA TENNEY *v.* PLEASANT REALTY CORPORATION ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 1—decided December 15, 1949.

*James W. Carpenter,* for the appellant (defendant Welcome Chain Markets, Inc.).

*DeLancey Pelgrift,* for the appellants (named defendant et al.).

*Milton Krevolin,* with whom were *Morton E. Cole* and, on the brief, *Cyril Cole,* for the appellee (plaintiff).

DICKENSON, J.   These are appeals from the denial of motions to set aside a verdict for the plaintiff in a negligence action in which the owners and the lessee of property claimed to have been in a defective condition are codefendants.   All of them claim lack of evidence to support the jury's conclusion of negligence and further contend that the verdict was excessive.

The defendant owners, in addition, claim that they had no possession or control of the premises.

On January 25, 1944, between 4 and 5 p. m., the plaintiff went to trade at a market at 747 Park Street, Hartford. When about to enter it she slipped and fell and was injured. The market was operated by the defendant The Welcome Chain Markets, Inc., in a store which it leased from the other defendants. At the entrance to the store there is a stone step raised above the sidewalk. The sidewalk between the building and the curb is used as a public walk although the defendant owners' property line is about seven feet from the building. The plaintiff offered evidence that there was ice on the sidewalk and step and that, when one of her feet was on the walk and the other on the step, both feet slipped, causing her to fall.

The sole contention as to lack of evidence of negligence pursued in the defendants' briefs is that the "physical evidence" shows that there could have been no ice on the sidewalk and step. The claim is based upon a weather report put in evidence by the plaintiff. The defendants point out that the report recites slight incidents of precipitation for some ten days preceding the date of the fall with temperatures well above freezing during that time; that the last precipitation shown was on January 23, of which two-tenths of an inch was snow; that on January 24 there were several hours in which the temperature ranged from 33 to 39 degrees and there was no trace of snow at 7:30 p. m.; that on January 25 there were also several hours in which the temperature ranged from 34 to 41 degrees. In addition to the statistics referred to by the defendants, the weather report shows minimum temperatures below freezing every day for more than two weeks immediately prior to January 25, a minimum of 22 degrees on January 24, and a minimum of 18 degrees on

January 25.  The testimony of the plaintiff that there was ice on the sidewalk was corroborated by two other witnesses, one of whom testified that she herself slipped.  The plaintiff described the ice which caused her fall as "slush ice . . . frozen."  The location is on the north side of the defendants' building.

In *Lessow* v. *Sherry*, 133 Conn. 350, 353, 51 A. 2d 49, we recognized the admissibility of government weather bureau reports as evidence of conditions at or near the location in question, stating that any difference between conditions at the point where the observations were taken and at the place of accident went to the weight rather than the admissibility of such evidence. In that case, as in this, the location of the weather station and that of the place of accident were in Hartford.  We said (p. 354): "The weather report came in without objection, concededly the location at which the observations were made and that where the accident occurred were both in Hartford, and presumably the weather conditions were substantially the same at both.  Even so we cannot say that they furnished indisputable evidence of the facts claimed by the defendant.  For the rule to apply, the facts must be so indisputable that contrary testimony must be either intentionally or unintentionally untrue and there is no real question of evidence concerning which reasonable minds could reasonably differ.  *Budaj* v. *Connecticut Co.*, 108 Conn. 474, 476, 143 A. 537; *Mlynar* v. *Merriman & Sons, Inc.*, 114 Conn. 647, 650, 159 A. 658; *Horvath* v. *Tontini*, 126 Conn. 462, 464, 11 A. 2d 846."

The question in that case was whether new ice had formed, and the weather report was offered to show freezing temperatures.  The question in the instant case differs from that in degree at least.  It is whether evidence of above freezing temperature and of dissipation of a precipitation of snow at the weather bureau

is conclusive evidence that there could be no ice at the location of the accident. To paraphrase our concluding statement in *Lessow* v. *Sherry,* supra: At most the report as a whole is not so conclusive of the nonexistence of ice at the time that it can be said that the contrary conclusion of the jury was so unreasonable that the trial court should have set the verdict aside.

No question is raised as to the responsibility of the defendant lessee for a defective condition existing on the entrance step. The defendant owners claim that under the terms of the lease and because the lessee assumed the care of the sidewalk it also was the lessee's responsibility. An abutting owner, in the absence of statute or ordinance, ordinarily is under no duty to keep the sidewalk in front of his property in a reasonably safe condition for public travel, though he may be liable for maintaining a nuisance thereon. *Perkins* v. *Weibel,* 132 Conn. 50, 52, 42 A. 2d 360. Where, however, part of the sidewalk, commonly used by the public with the rest of the walk, is within the abutting owner's property line, the obligation rests upon him to use reasonable care to keep it in such condition as not to endanger travelers in their lawful use of the highway. *Crogan* v. *Schiele,* 53 Conn. 186, 197, 203, 1 A. 899, 5 A. 673; *Ruocco* v. *United Advertising Corporation,* 98 Conn. 241, 247, 119 A. 48. Where the owner rents apartments in his building to various tenants, reserving control of common approaches, he is bound to use reasonable care to keep the approaches reasonably safe for those having lawful occasion to use them. *Linblade* v. *United States Rubber Co.,* 102 Conn. 396, 400, 128 A. 707.

A covenant in the lease between the parties required the lessee to conform to the rules and regulations of the city relating to highways and sidewalks. What these regulations were does not appear. The jury

could have found that the lessee usually cleared the sidewalk of ice and snow under an agreement it had with the defendants; that there was another store in the building, and a number of apartments to which there was a street entrance next to the lessee's store; and that the defendant owners employed a janitor who took care of their property and occasionally cleaned the sidewalk. The lease describes the property leased as a store and the cellar under it. The jury could have found on this evidence that the defendant owners had not leased the space between their building and the public sidewalk but had reserved control of it as a common approach for their tenants generally, notwithstanding the fact that the lessee usually cleared it of ice and snow. *Hurlburt* v. *Sherman,* 116 Conn. 102, 105, 163 A. 603; *Perkel* v. *Grayson,* 119 Conn. 465, 468, 177 A. 534. The defendant owners cite *Miller* v. *Mutual Mortgage Co.,* 112 Conn. 303, 305, 152 A. 154, to the effect that control is a matter of intention. As stated in that case, whether a particular part of premises is included within a leasehold or retained by the landlord is a matter of intention, and control over it is ordinarily dependent upon determining whether that portion is or is not included in the lease; and unless the terms of the lease determine the matter, the question is one of fact. In this case the jury reasonably could have concluded that the sidewalk was not included in the lease. They could have found that the step was a part of the leased premises; that the space between the building and the public sidewalk was not leased and was in the control of the defendant owners; that the plaintiff's fall was due to the combined effect of the ice on the step and on the walk; that both defects were contributing causes of the injury; and that all of the defendants were liable. The trial court was not in error in denying the

motion to set aside the verdict against the defendant owners on this ground. *Aprile* v. *Colonial Trust Co.,* 118 Conn. 573, 580, 173 A. 237.

The verdict was in the amount of $4800. The defendants claim it is excessive. The position of the defendants is that there were no external signs of trauma when the plaintiff was examined by a physician shortly after her fall; that her symptoms were consistent with a kidney abnormality; and that substantially the entire amount of the verdict must have been for pain and suffering and credible evidence did not support an award of this amount for this item of damages. The plaintiff is a married woman; she was about thirty-three years of age at the time of her fall. While she admitted having kidney trouble several years before the date of the fall, she testified that it had not lasted; that when she fell she injured her head, back, hip and knee; that she still suffers pain in her back and knee as a result of her fall; and that her injury affects her ability as a housewife. In addition to this evidence there was medical evidence that injuries to her back and knee, as a result of her fall, would be permanent. The trial court was not in error in refusing to set aside the verdict on the ground that it was excessive.

There is no error.

In this opinion the other judges concurred.