In this action against the town of Cornwall, the plaintiff sought recovery for damage to his truck arising out of an accident which occurred on Flat Rock Road in Cornwall on February 1, 1969. The action was instituted under General Statutes § 13a-149, "Damages for injuries by means of defective roads and bridges." The facts surrounding the occurrence out of which this lawsuit evolved may be stated as follows: The plaintiff was operating a 1950 one-ton Ford platform truck on *Page 611 
Flat Rock Road at approximately 8 a.m. on February 1, 1969. The truck was equipped with three-year-old snow tires but not with chains, although the plaintiff owned them. Flat Rock Road is a narrow one-lane gravel road. The plaintiff was familiar with the roadway and had refrained from driving on it for several days prior to February 1, 1969, because of its icy condition. At approximately the same time, Salvatore DeJoseph was traveling on Flat Rock Road in the opposite direction. As DeJoseph was proceeding down a hill toward Cornwall, his truck became wedged against a bridge located in a valley between two hills. The DeJoseph truck partially blocked the roadway, leaving insufficient room on the roadway for the plaintiff's vehicle to proceed. As the plaintiff approached the hill, his vehicle left the traveled portion of Flat Rock Road and struck a tree, causing the damage complained of.
There was a serious dispute between the parties regarding the weather conditions in the area during the several days preceding the accident in question and regarding the actions taken by the defendant's highway department to combat the snow and ice conditions occasioned by the weather.
The defendant has assigned as error numerous actions of the trial court. Error is assigned in the introduction of certain evidence. The evidence objected to was a reading of a weather forecast from an unidentified newspaper. The defendant also objected to the introduction of weather reports from the Torrington Register for the two days prior to the accident, January 30 and 31, 1969. These predictions, which constituted out-of-court statements to prove the truth of the matters contained therein, should have been excluded as hearsay evidence. A statement out of court by one not a party to the action, offered to affect the defendant, comes within *Page 612 
the exclusionary hearsay rule. Brown v. ConnecticutLight Power Co., 145 Conn. 290, 294. The general rule which excludes hearsay unless it comes within one of the recognized exceptions applied to written statements as well as to oral ones. The reason for the rule is basically that the sanction of an oath and the test of cross-examination are absent. GeneralMotors Acceptance Corporation v. Capitol Garage,Inc., 154 Conn. 593, 597.
Even if they were not subject to exclusion as opinion evidence and as not subject to cross-examination, these reports could not be introduced as evidence of the weather on the days in question. Government weather reports are admissible as evidence of conditions at or near the location in question if it appears that there is such proximity as to show, or justify an inference, that the weather conditions at the time in question were substantially identical in the two locations. Lessow v. Sherry,133 Conn. 350, 353; Willoughby v. New Haven, 123 Conn. 446,457; see Holden Daly, Connecticut Evidence § 69(c)(1).
The introduction of these predictions was a crucial aspect of the case, especially in view of our law which holds that in this rigorous climate the duty of cities and towns in respect to snow and ice is and must be very limited. Congdon v. Norwich, 37 Conn. 414,419. Our Supreme Court has long held that in our climate considerable latitude should be allowed municipalities in cases of this character. DeCrosta
v. New Haven, 119 Conn. 344, 347; see Wadlund v.Hartford, 139 Conn. 169, 176.
The contradictory nature of the evidence concerning the weather was spelled out in the draft finding and counter finding filed by the parties. The court included in its finding of facts and its conclusions the contradictory aspects of this evidence. It found *Page 613 
that the weather on January 29, 30 and 31 was rainy and thawing; that the temperature was in the 20's and 30's; that the weather was a drizzle and freeze on the 29th and 30th; and also that the storm prior to the accident on February 1, 1969, occurred on January 27, 1969, with no rain or snow in the area between January (sic) and February 1. In its conclusion, the court stated that the storm which caused the icy and dangerous condition to the highway, Flat Rock Road, occurred on January 27, 1969, though the icy and dangerous condition existed to the date of the accident, while also stating that the highway was impassible regardless of the type of tires used, it being a sheet of ice with a light covering of snow which fell on the 29th and 30th. We are not aided in this crucial area by a finding prepared in accordance with §§ 618, 619 and 778H of the Practice Book. See Johnson Electrical Co. v. State, 164 Conn. 346,348.
We need not speculate here whether on a retrial of this case the plaintiff might be able to bring himself, with the introduction of competent evidence, within the doctrine of Willoughby v. New Haven,
supra, that where a defective condition has become established, the fact that thereafter, by reasons of storms and melting, that condition varies in some slight degree will not relieve the town of liability and will not in itself preclude a finding of constructive notice to it.
Inasmuch as the assignments of error hereinabove discussed are dispositive of this appeal, we need not discuss the remaining assignments of error.
 There is error, the judgment is set aside and a new trial is ordered.
In this opinion MISSAL and CIANO, Js., concurred.