[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Burger King Incorporated (defendant) moves for summary judgment and claims that there are no genuine issues of material facts and Burger King is entitled to judgment as a matter of law pursuant to PB 378 et seq.
Plaintiff's claim against Burger King Corporation arises CT Page 231 from a fall which allegedly occurred as the plaintiff was entering the Burger King Restaurant located at 524 Farmington Avenue, Hartford, Connecticut, on November 14, 1988.
The defendant Burger King had leased to defendants Dickerson and Baker the premises known as 524 Farmington Avenue in Hartford. The lease and the franchise agreement incorporated therein were in full force and effect through and including the date of the alleged incident.
The defendant Burger King claims that the tenants (defendants Dickerson and Baker) were in control and possession of the demised premises and that Burger King is not liable for any injury or loss suffered from any defect in those demised premises.
The plaintiff, conversely, claims that due to the nature of the lease and franchise agreements the defendant Burger King did exercise control over the demised premises and the extent and nature of that control is an issue of fact that would preclude summary judgment.
The function of the court in deciding a motion for summary judgment is not to decide issues of material fact, but rather to determine whether any such issue exists. Nolan v. Borkowski,206 Conn. 495, 500 (1988).
The party moving for summary judgment bears the burden of proving the absence of a dispute as to any material fact. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 316-17. Since litigants ordinarily have a constitutional right to have issues of fact decided by a jury, movant for summary judgment is held to a strict standard demonstrating his entitlement to such remedy. Kakadelis v. DeFabritis, 191 Conn. 276, 287.
Liability for an injury due to defective premises ordinarily depends on the power to prevent the injury and rests primarily upon the party who has control and possession. O'Neil v. Le-Ad of Bloomfield, Inc., et al, March 18, 1982, No. 207280 at Judicial District of Hartford-New Britain, 8 CLT No. 35, page 17. A necessary condition precedent to the imposition of liability is that the defendant had some control over the portion of the premises containing the alleged defective condition and therefore had a right as well as a duty to remedy the condition. Id. (Emphasis added). CT Page 232
Control over a particular part of a business premises is ordinarily dependent upon determining whether that portion is or is not included in the lease and unless the terms of the lease determine the matter, the question is one of fact. Id. citing Tenney v. Pleasant Valley Realty Corporation, 136 Conn. 325,330. It becomes an issue of fact for the trier, however, only where the written lease read as a whole cannot be said to resolve definitely or expressly the issue of control. Id., citing Panaroni v. Johnson, 158 Conn. 92, 99; Rogers v. Great Atlantic Pacific Tea Co., 148 Conn. 104, 107.
A reading of the lease, along with the franchise agreement, makes it clear to this court that the agreement entered into by the parties herein is not the ordinary landlord-tenant agreement wherein once executed the lessee is left reasonably to his own devices.
On the contrary, the documents proffered herein as Exhibit A, the lease, and Exhibit B, the franchise agreement, demonstrate that some control existed in the lessor. Some noteworthy references, inter alia, evidencing some control are found in section 5.2 of the lease wherein the lessor reserves the right to enter the premises for the purpose of making repairs when the lessee fails to do so; and section 5.3 of the lease which indicates that the lessee shall not make any improvements or alterations of the premises without the prior consent and approval of the lessor.
In section 4 of the franchise agreement the lessee acknowledges and agrees that adherence to Burger King Corporation's design . . . (is) reasonable, necessary and essential to the image and success of each Burger King Restaurant . . . . Also noteworthy is subsection B which states in relevant part:
 "[F]urther, franchisee shall maintain the building and premises in good condition and make all improvements and alterations as may be determined by (Burger King Corporation) to be reasonably necessary to reflect an acceptable Burger King Restaurant image. Franchisee shall undertake and complete such repairs, improvements and alterations as may be requested by (Burger King Corporation) within the reasonable time specified by (Burger King Corporation)."
CT Page 233
A reading of the lease and the franchise agreement as a whole cannot be said to resolve definitely or expressly the issue of control. The movant herein has failed to foreclose the possibility of the existence of issues of material fact. See Fogarty v. Rashaw, 193 Conn. 442, 445.
The defendant Burger King's motion for summary judgment is denied.
Thomas P. Miano Superior Court Judge