[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT NO. 118
The plaintiff, Wanda Stock, alleges that she sustained physical injuries as a result of a slip and fall incident which occurred at a skating rink that was operated by defendant Skatetime, Inc., ("Skatetime"), and owned by defendant Dira, Inc. ("Dira"). The plaintiff alleges that on March 31, 1989, she fell while exiting the skating area, and that her injuries were caused by a defect in the floor and carpeting surrounding the rink.
On July 30, 1993, Dira filed a motion for summary judgment along with the affidavit of Pasquale DiNardo, a director of Dira, and a copy of the lease agreement between Dira and Skatetime. Dira argues that it cannot be liable to the plaintiff because it did not have knowledge of the defective condition which allegedly caused the plaintiff's injuries, and because under the lease agreement, Skatetime was responsible for all personal injury claims arising out of Skatetime's use, occupancy, and possession of the premises.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Insurance Co., 219 Conn. 644,650, 594 A.2d 952 (1991). Because the burden of proof is on the moving party, the facts presented must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111, 491 A.2d 368 (1985).
Control over a particular part of a premises is ordinarily dependent upon determining whether that portion is or is not CT Page 8622 included in the lease, and unless the terms of the lease determine the matter, the question is one of fact. Edgar v. Burger King Corp., #387119, Superior Ct., Judicial District of Hartford/New Britain at Hartford (January 19, 1993, Miano, J.), citing Tenney v. Pleasant Valley Realty Corp., 136 Conn. 325,330, 70 A.2d 138 (1949). Control is an issue of fact for the trier only where the written lease cannot definitely resolve the issue. See Panaroni v. Johnson, 158 Conn. 92, 99, 256 A.2d 246
(1969). A landlord "ordinarily is not liable for defects on the premises within the tenant's exclusive control unless: (1) the landlord leased the premises for a use open to the public; (2) the defect in question was in existence at the beginning of the lease; [and] (3) the landlord knew or should have known that the tenant could not reasonably be expected to remedy or guard against injury from the defect." Prichett v. Rosoff, 546 F.2d 463,466 (2d. Cir. 1976), citing Webel v. Yale University,125 Conn. 515, 522-24, 7 A.2d 215 (1939).
The lease agreement between Dira and Skatetime does not resolve the issue of control. While 5.01 of the lease gives Skatetime the duty to make repairs to the demised premises (except for repairs to the exterior of the building), 5.05 of the lease allows Dira to enter the premises to make "emergency" repairs (if and when Skatetime fails to make such repairs), and 14.01(a) of the lease provides Dira with the right to inspect the demised premises. Also 3.01 of the lease provides that Skatetime leases seventy-seven percent (77%) of the "total building," and that Skatetime is responsible for 77% of the repair and maintenance costs, and that "[w]hat elements consist of repair, [and] maintenance . . . shall be solely determined by the landlord [Diral]." The lease agreement is ambiguous with respect to the issue of which defendant had control over the demised premises.
Further, genuine issues of material fact exist as to whether the defect in question was in existence at the beginning of the lease and whether Dira knew or should have known that Skatetime could not have reasonably been expected to remedy or guard against injury from the defect.
Dira's motion for summary judgment is denied.
BALLEN, J. CT Page 8623