[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONMOTION FOR SUMMARY JUDGMENT NO. 117
On March 19, 1992, the plaintiff, Richard Croom was a customer and invitee of the defendant, Duchess Hamburger of Stratford. According to the complaint, the plaintiff suffered serious injuries when he slipped and fell on an accumulation of ice and snow near the entrance to the restaurant.
In a complaint filed January 4, 1994, the plaintiff brought a two-count action alleging that the defendants, Duchess Hamburger of Stratford and the individual owners, owed a duty to the plaintiff to keep and maintain the premises in reasonably safe condition. On April 10, 1997, the defendants filed a motion for summary judgment accompanied by a memorandum in support of the motion. A memorandum in opposition to the motion for summary judgment was filed by the plaintiff on April 28, 1997. Short 1997. Short calendar argument was held on November 10, 1997.
DISCUSSION
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse CT Page 3018 claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . ." (Citations omitted; internal quotation marks omitted.) Maffucci v. Royal Park LimitedPartnership, 243 Conn. 552, 554 (1998).
The defendants argue that, as a matter of law, any duty that the defendants may have owed the plaintiff in making the premises safe from fallen snow and ice would not have arisen until after the storm in question was over. In support of their motion for summary judgment, the defendants offer transcripts of the deposition testimony of both the plaintiff and one of the defendants. According to the defendants, these transcripts allegedly show that the snowstorm was still in progress when the alleged slip and fall took place. The defendants have also submitted a weather report which they assert indicates that snowfall was continuous.
The plaintiff in his memorandum in opposition to the motion for summary judgment argues that the transcripts of the depositions, construed most favorably to the plaintiff, do not indicate whether the storm was still in progress at the time of the accident. The plaintiff also disputes the relevancy of the weather report submitted by the defendants.
"[I]n the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulation of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow from outside walks and steps." Kraus v. Newton, 211 Conn. 191, 197-98, 558 A.2d 240
(1989). It is "inexpedient and impractical" to require a landlord to keep premises free from snow and ice while a "storm continues." Id. Such a level of care applies to commercial landlords as well as other inviters. See Sinert v. Olympia YorkDevelopment Co., 38 Conn. App. 844, 849, 664 A.2d 791, cert. denied, 235 Conn. 927, 667 A.2d 553 (1995) ("there is no authority for the proposition that a defendant's status as the owner of commercial property imposes a different, and higher, duty of care than that imposed on owners of private or CT Page 3019 residential property").
Thus, in order for the motion for summary judgment to be granted, it would be necessary for the moving party to establish that the snowstorm was still in progress during the accident or that the defendant removed the snow within a reasonable time after the snowfall ended. In the present case, the defendant seeks to establish the former.
The defendants have offered deposition testimony and a copy of a local weather report in support of the motion for summary judgment. The deposition testimony excerpts offered by the defendants, however, are not certified and thus cannot be considered as evidence. See Brown v. Dooling, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 032598 (August 14, 1995) (Skolnick, J.); Wasilewski v. Warner-LambertCo., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 044445 (June 19, 1995) (Skolnick, J.). See also Moss v. Southfield Condominium Assn., Inc., Supreme Court, judicial district of Danbury, Docket No. 320289 (November 7, 1996) (Moraghan, J.) (testimony at trial may contradict deposition testimony that snowfall was continuous).
The defendants have also submitted a weather report from a local airport in support of the motion for summary judgment. The copy of the weather report is certified by the director of the National Climatic Data Center as being compiled from records on file at the weather station at the airport located in Bridgeport, CT. The weather report seems to indicate that on the day in question, snowfall was continuous until 4:00 pm. The court finds that the weather report alone is not sufficient for the granting of a motion for summary judgment. See Lessow v. Sherry,133 Conn. 350, 353, 51 A.2d 49 (1947) ("[w]e early recognized the admissibility of the government weather bureau reports as evidence of conditions at or near the location in question, holding that any difference between the location and the point where the observations were taken went to the weight rather than the admissibility of such evidence"). As the weather report goes to the weight of the evidence, a material question of fact does exist as to the weather conditions existing at the actual location and time of the alleged injury and, therefore summary judgment would be inappropriate.
Accordingly, the defendant's Motion for Summary Judgment is denied. CT Page 3020
SKOLNICK, J.