[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Sherin Stahl, was injured when she tripped and fell on "a cracked and broken sidewalk" in front of the premises at 420-424 Whitney Avenue in New Haven. According to the amended complaint, Allen C. Hadelman or Chad Enterprises, LLC, the defendants, owned this property. The plaintiff claims that her injuries were caused by the defendants' negligence in either failing to warn the plaintiff of the dangerous and defective condition of the sidewalk or in failing to remedy, remove, maintain, inspect, rope-off or test said portion of sidewalk.
On September 29, 1998, the defendants filed their motion for summary judgment and a memorandum in support. At the time of oral argument on November 30, 1998, the plaintiff's memorandum in opposition had not yet been made a part of the file, nor did the plaintiff appear at oral argument.
By corrected memorandum of decision dated December 16, 1998, this court granted the defendants' motion, finding that they owed no duty to the plaintiff. On December 28, 1998, the plaintiff filed a motion to reargue, stating that she had a valid objection to the defendants' motion and that she had not attended oral argument on the matter because she was delayed in traffic after having attended a hearing on another matter in Stamford. The court granted the plaintiff's motion for reargument and thereafter heard the parties in oral argument.
It is the defendants' motion for summary judgment that is presently before this court. The court is now in receipt of both CT Page 6065 the defendants' memorandum in support with affidavit and the plaintiff's memorandum in opposition with the certified deposition testimony of the defendant Alan Hadelman.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. . . ."Thompson and Peck, Inc. v. Division Drywall, Inc., 241 Conn. 370,374, 696 A.2d 326 (1997).
The defendants move for summary judgment on the ground that there is no genuine issue of material fact and they are therefore entitled to judgment as a matter of law in this negligence action because they did not owe a duty to the plaintiff. The defendants argue that absent a statute or ordinance, as abutting landowners, they have no duty to keep the public sidewalk fronting their property in a reasonably safe condition from naturally occurring defects. In support of their abutting owner status, they filed the affidavit of Richard Chennel, the maintenance supervisor of Hadley, Inc., a company responsible for managing the property at 420-424 Whitney Avenue. Chennel avers that the sidewalk abutting the Whitney Avenue property is a public sidewalk; that Hadley, Inc. was not involved in designing or installing the sidewalk; that neither Hadley, Inc. nor defendant Chad Enterprises, Inc. was responsible for maintaining or repairing the sidewalk; and that the city of New Haven has never requested that repairs be made. The defendants additionally argue that while an abutting owner may be held liable for injuries resulting from its positive acts, the plaintiff has not alleged that her injuries were caused by the defendants' positive acts; thus, they do not have a duty to the plaintiff for which they may be held liable. Finally, the defendants argue that even where a municipality imposes a duty by statute or ordinance upon an abutting landowner to keep the sidewalk adjacent to his property in a safe condition, this duty is owed to the municipality and does not create a duty of care to a passer-by, absent a specific provision in the statute or ordinance authorizing the abutting owner's liability to a passerby.
The plaintiff argues in opposition that summary judgment may not be rendered in favor of the defendants because landlords have a duty of care to maintain their property in a reasonably safe condition, and an issue of fact exists as to whether the defendants owned, controlled or possessed the sidewalk. The CT Page 6066 plaintiff argues that the Chennel affidavit is silent as to this question. The plaintiff also argues that the deposition testimony from the defendant Hadelman shows that the defendants exercised a high degree of possession and control: Hadelman testified that shortly after the accident, he hired a contractor to repave the area of sidewalk where the accident took place.
"An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." Wilson v. New Haven, 213 Conn. 277, 280,567 A.2d 829 (1989). "Where, however, part off the sidewalk, commonly usedby the public with the rest off the walk, is within the abuttingowner's property line, the obligation rests upon him to use reasonable care to keep it in such condition as not to endanger travelers in their lawful use of the highway. Crogan v. Schiele,53 Conn. 186, 197, 203, 1 A. 899, 5 A. 673; Ruocco v. UnitedAdvertising Corporation, 98 Conn. 241, 247, 119 A. 48." (Emphasis added.) Tenny v. Pleasant Realty Corporation, 136 Conn. 325, 329,70 A.2d 138 (1949).
The plaintiff alleges in her complaint that the defendants own the sidewalk. The defendants have not rebutted this allegation, that is, have not rebutted that "the sidewalk, commonly used by the public with the rest of the walk, is within the abutting owner's [i.e., the defendants'] property line."Tenny v. Pleasant Realty Corporation, supra, 136 Conn. 329; seeRios v. Googe, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 532654 (March 24, 1995, Wagner,J.) (issue of fact as to ownership of part of sidewalk passing driveway as sidewalk could be within owner's property line); compare Janov v. City of Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310774 (February 26, 1996) (submitting survey map, affidavit, and affidavit of person who prepared survey map to show non-ownership of public sidewalk where plaintiff fell). In the present case, Chennel merely avers that the sidewalk is a public sidewalk. The defendants have not satisfied their burden on summary judgment to establish that there is no genuine issue of material fact such that the court could determine as a matter of law that the defendants owed no duty to the plaintiff. For this reason, the motion for summary judgment is denied.
BY THE COURT CT Page 6067
Bruce L. LevinJudge of the Superior Court