[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: FOR SUMMARY JUDGMENT (DOCKET ENTRY NO. 116)
On April 16, 1999, the plaintiff filed a one-count second revised complaint sounding in negligence against the defendants. CT Page 8671 The plaintiff alleges that she suffered serious injuries when she slipped and fell on ice and snow on the front steps of her apartment building which was owned by the defendants, Umberto and Paul Lisi. On March 26, 1999, the defendants filed a motion for summary judgment accompanied by a memorandum in support of the motion. No memorandum in opposition has been filed by the plaintiff.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is led to judgment as a matter of law." Internal quotation marks omitted.) Nichols v. Lighthouse Restaurant,Inc., 246 Conn. 156, 163, 716 A.2d 71 (1998). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts . . . (Citations omitted; internal quotation marks omitted.) HertzCorp. v. Federal Ins. Co., 245 Conn. 374, 381, 713 A.2d 820
(1998).
The defendants argue that they were not under a duty to remove any ice or snow at the time the plaintiff allegedly fell because there was an ongoing ice and snow storm. In support of their motion for summary judgment, the defendants offer a copy of their request for admissions as well as a monthly summary of local climatological data.
"`[I]n the absence of unusual circumstances, a property owner, in fulfilling the duty owed to invitees upon his property to exercise reasonable diligence in removing dangerous accumulations of snow and ice, may await the end of a storm and a reasonable time thereafter before removing ice and snow from the outside walks and steps." Cooks v. O'Brien properties, Inc.,48 Conn. App. 339, 343, 710 A.2d 788 (1998), quoting Kraus v.Newton, 211 Conn. 191, 197-98, 558 A.2d 240 (1989). "To require a landlord or other inviter to keep walks and steps clear of dangerous accumulations of ice, sleet or snow or to spread sand or ashes while a storm continues is inexpedient and impractical."Kraus v. Newton, supra, 211 Conn. 197-98.
The defendants have submitted a copy of their request for admissions. (Memorandum in Support of Motion for Summary Judgment, Exhibit A). Where a party has failed to object to a CT Page 8672 request for admissions, the requests generally may be deemed to have been admitted. See Practice Book § 13-23; Orenstein v.Old Buckingham Corp. , 205 Conn. 572, 576, 534 A.2d 1172 (1987). The defendants, however, failed to certify the request for admissions or to file a notice with the court that service of the request was properly made pursuant to Practice Book § 13-22. As a result, it cannot be assumed that the plaintiff was actually served with the requests or that the thirty day response time has run. See also Moss v. Southfield Condominium Assn., Superior Court, judicial district of Danbury, Docket No. 320289 (November 7, 1996, Moraghan, J.) (uncertified copies of documents without a supporting affidavit attesting to their authenticity, do not constitute proof or documentary evidence for summary judgment motion).
The defendants have also submitted a certified copy of a weather report for Bridgeport, Connecticut for February 1995. This court has previously held that a weather report alone is not sufficient to establish that there is no genuine issue of material fact with regard to an ongoing storm. See Croom v.Duchess Hamburger of Stratford, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 310686 (March 7, 1998,Skolnick, J.) (21 Conn. L. Rptr. 492, 493). The report does not show whether the storm was in progress at the location and time of the alleged injury. Therefore, the defendants' motion for summary judgment is denied.
SKOLNICK, J.