[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Pursuant to Practice Book § 17-44 the defendants D F Associates Limited Partnership of Connecticut (hereinafter D F) and the FIP Corporation (hereinafter FIP) have filed a motion for summary judgment as to the First and Second Counts of the plaintiffs Amended Complain dated July 23, 1998. The defendants argue that the premises where the plaintiff allegedly fell and sustained her injuries were not in their possession and control. Furthermore, the defendants claim that the lease for the subject premises absolves them of any liability because the definitive terms of the base are unambiguous and clear as to Harrow Products, Inc.'s (hereinafter the "tenant") exclusive possession and control of the parking lot.
The plaintiff, in opposing summary judgment, argues that the lease terms are ambiguous with respect to control and maintenance of the parking lot, and therefore, there exists genuine issues of material fact. Additionally, the plaintiff argues that the duty of an owner of land to keep the premises safe is a non-delegable duty.
 I
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins.,Co., 245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski,206 Conn. 495, 500 (1988). The moving party has the burden of CT Page 3308 demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Corp., supra, 245 Conn. 381. "The opposing party must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case." Suarez v. DickmontPlastics Corp., 229 Conn. 99 (1994). The test used by the court is to determine if the moving party would be entitled to a directed verdict if the same set of facts were presented at trial. Connell v. Colwell,214 Conn. 242, 246-47 (1990). A directed verdict is properly rendered if a trier of fact cannot reasonably and legally find in any fashion other than that directed. Santopietro v. New Haven, 239 Conn. 207, 225 (1996). "Issues of negligence are ordinarily not susceptible of summary judgment adjudication but should be resolved by trial in the ordinary manner."Fogarty v. Rashaw, 193 Conn. 442, 446 (1984). "Summary judgment is ill-adapted to negligence cases, since the conclusion of negligence is normally one of fact." Velardi v. Ryder Truck Rental, Inc., 178 Conn. 371,374 (1979).
 II
In the Second Amended Complaint, dated July 23, 1998, the plaintiff alleges that on January 17, 1996, she fell in the parking lot located at 62 Barnes Park Road North, Wallingford, Connecticut which was "covered with snow and ice and had not been plowed, shoveled, salted or sanded." The plaintiff has further alleged that D F, as owner, and FIP, as agent, were negligent in failing to maintain the parking lot and that they allowed a "dangerous, defective and unsafe condition" to be present on the premises. At the time of her alleged fall, the plaintiff was an employee of Harrow Products, Inc., the "tenant."
The defendants in filing their motion for summary judgment have attached a copy of a "Single Tenant Building Lease" dated July 9, 1998, entered into between the defendant D F, as "landlord" and Harrow Products, Inc. as "tenant." This lease was amended on March 1, 1993. However, said Amendment of Lease does not effect the pertinent provisions which are currently being disputed.
 III
The Plaintiff, in her motion opposing summary judgment properly states, "[w]hether a particular part of premises is included within a leasehold or retained by the landlord is a matter of intention, and control over it is ordinarily dependent upon determining whether that portion is or is not included in the lease; and unless the terms of the lease determine the matter, the question is one of fact." Tenney v.Pleasant, 136 Conn. 325, 330, 70 A.2d 138, 140 (1949). Furthermore, CT Page 3309 "[c]ontrol is an issue of fact for the trier only where the written lease cannot be said to resolve definitively or expressly the issue of control." McGrath v. J.C. Penney Company et al., superior court, No. CV-950129447, judicial district of Waterbury, at Waterbury. (Doherty, J.) (July 15, 1997). "Leases are contracts and construed according to contract law." Farina v. Orchard Hill Market et al., superior court, No. CV-950372697, judicial district of New Haven, at New Haven. (Zoarski, J.) (September 17, 1997), citing Amwax Corporation v. Chadwict,28 Conn. App. 739, 741, 612 A.2d 127 (1992). Furthermore, where there is ambiguity as to specific terms of a contract "the Restatement (Second) of Contracts . . . [states]: `in choosing among the reasonable meanings of . . . a term thereof, that meaning is generally preferred which operates against the party who supplies the words or from whom a writing otherwise proceeds'." Corbin on Contracts § 24.27.
In the present case, the lease defines the word "premises" in section 2. It states, "[t]he premises are the land and building and parking areas commonly known as 62 Barnes Industrial Park Road. . . .". Additionally, it states, "[t]he Premises include the heating, ventilating, and air conditioning systems, and the mechanical, electrical, and plumbing systems serving the Premises." However, in section 12 under "Repairs and Maintenance" where the lessor delegates costs and expenses to the lessee for maintaining the premises, the lease states "[t]enant will . ., maintain the Premises and make repairs, restorations, and replacements to the Premises, including without limitation the heating, ventilating, air conditioning, mechanical, electrical, and plumbing systems, and fixturesand repairs to the roof walls and appurtenances to the Premises. . . ."emphasis added. When looking at the two sections, there is an obvious difference in the definition of what is covered by the term premises." Section 12 clearly expands the scope of "premises" as defined in Section 2. Based on the ambiguity as to what "Premises" encompasses it is not appropriate to conclude that a fair and reasonable person could conclude only one way. Additionally, Section 12a of said lease states that the "Landlord shall be responsible for any repairs and replacements that shall be necessary to the buildings foundations and footings, and to its load bearing columns, structural steel frame, the building exterior wall system. . . . and for any required roof replacement." As the difference in language, and level of specificity in terms between sections 12 and 12a creates ambiguity, it would not be unreasonable to interpret the lease to imply that the parking lot is covered under 12a with other structural features of the premises.
Connelly v. Bridge Haven Realty, LLC, superior court, No. CV-01275462S, judicial district of New Haven, at Meriden. (Booth, J.) (September 14, 2001), is instructive to the the court. In Connelly, the defendant property owner, sought summary judgment asserting that the CT Page 3310 language of the lease was clear and unambiguous as to the lessee's exclusive possession and control of the premises. The court granted the defendant's motion for summary judgment concluding that "[t]enant shall . . . provide for the reasonable removal of snow and I ice from parking areas and driveways . . ." was clear and unambiguous contract language and that "exclusive possession and control" was with the lessee. In the case at hand, similar definitive and unambiguous contract language is absent. In the instant matter there is no mention as to ice and snow removal from the parking areas anywhere in the lease agreement. Therefore, the issue of control should be submitted to the jury since the issue cannot be resolved definitively or expressly from the language of the lease.
Furthermore, the defendant lessor drafted the lease, and any ambiguities contained within the lease should be read to operate against the lessor. The ambiguity surrounding the meaning of "premises" should not operate to relieve the defendants of any liability resulting from the lack of maintenance to the parking lot.
 IV
Plaintiff asserts that the duty of a landowner to keep his premises safe is a nondelegable duty. "As a matter of common law, although landlords owe a duty of reasonable care as to those parts of the property over which they have retained control, landlords generally [do] not have a duty to keep in repair any portion of the premises leased to and in the exclusive possession and control of the tenant." Connelly v. Bridge HavenRealty, LLC, superior court, No. CV-01275462S, judicial district of New Haven, at Meriden. (Booth, J.) (September 14, 2001), citing Gore v.People's Savings Bank, 235 Conn. 360, 374, 665 A.2d 1341 (1995)). Whether or not "D F" as property owner, or "FIP" as an agent of "D F" owed Plaintiff a duty to keep the premises safe depends on the answer to the question of whether or not "D F" retained control and exclusive possession of the premises where the alleged injury occurred. If it were concluded that "D F" retained exclusive control and possession of the parking lot the non-delegable duty doctrine would be operative. Specifically, the non-delegable duty doctrine states "[a] possessor of land who, having leased a part of the land, is under a duty to maintain in reasonably safe condition the part retained by him, and . . . is subject to the same liability to the lessee, and to others upon the retained part of the land with the consent of the lessee, for physical harm caused by the negligence . . . in failing to maintain such part of the land in reasonably safe condition . . ." Restatement (Second) of Torts § 421 (1965).
In the present case, however, it is unclear who actually maintained CT Page 3311 exclusive possession and control of the premises due the ambiguous language of the lease. Although the defendants submitted two affidavits asserting that exclusive possession and control was with the lessee, the language of the lease remains ambiguous as to this issue. Therefore, until the issue of possession and control, a genuine issue of material fact, is submitted and determined by the trier of fact, it cannot be said that the Defendants delegated nor breached a non-delegable duty to keep the premises safe.
There is a genuine issue of material fact as to the language of the lease. Specifically, what the term "premises" encompasses or was intended to encompass is at issue. The issue of who was to repair and maintain the premises, and who was in exclusive possession and control of the parking lot, is a genuine issue of material of fact, not law, and should be submitted to the trier of fact. Accordingly, summary judgment is denied.
Arnold, J