[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE DEFENDANT DDABB'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Steven Brennan, initiated this action for injuries he sustained when he fell on property located at 38 Cherry St., Naugatuck, Connecticut. This property was owned by the defendant, DDABB, Associates and leased by the defendant, Culligan Water Services. DDABB, Associates has moved this court for summary judgment for the reason that it did not possess or control the premises; therefore, it had no duty of care towards the plaintiff.
"Practice Book . . . § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Brackets omitted; citations omitted.) Miles v. Foley, 253 Conn. 381,385-86, 752 A.2d 503 (2000). A "material" fact is one which will make a difference in the outcome of the case. Hammer v. Lumberman's MutualCasualty Co., 214 Conn. 573, 578, A.2d (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v.Carriage Lane Associates, 219 Conn. 772, 780-781, A.2d (1980)
In support of its motion, the defendant submitted the sworn affidavit CT Page 7620 of Brian Brennan, a partner of the defendant DDABB, Associates, who stated that DDABB owned the property at 38 Cherry St.; however, leased it to four tenants who were in possession and control of it. He also asserts that HMAC, parent company of the defendant, Culligan Water Services, was responsible for maintaining the area of the premises where the accident occurred. Mr. Brennan's affidavit, however, differs, somewhat, with a statement[1] that he provided to an insurance adjuster shortly after the plaintiff's fall, in which he responded as follows:
Q. OK and do you [DDABB] maintain the property?
A. Yes
 Q. Do you have a service that you pay to do maintenance on the property or do you go there yourself and maintain it?
 A. A . . . well there's very little maintenance . . . It's not something that actually requires a lot of maintenance. We do not have a service company, no.
 Q. Who maintains the yard as far as picking up the debris is concerned?
 A. Well most of the debris is suppose to be picked up by a . . Culligan . . because . . most of the debris is their debris. (Italics added)
 Q. Is there any written agreement with them as to how to go about picking up this debris that accumulates from Culligan water company?
A. No there isn't.
There is no lease agreement or written agreement between DDABB and its tenants, which describes the portions of the property over which DDABB retains control for the purpose of providing maintenance. "Whether a particular part of premises is included within a leasehold or retained by the landlord is a matter of intention, and control over it is ordinarily dependent upon determining whether that portion is or is not included in the lease; and unless the terms of the lease determine the matter, the question is one of fact." Tenney v. Pleasant, 136 Conn. 325, 330,70 A.2d 138, 140 (1949).
Upon review of the documents provided by the parties, it is not at all clear to the court what party was in control of the area in which the CT Page 7621 plaintiff fell. The evidence demonstrates that DDABB retained some control of the premises for maintenance purposes. While the affidavit of Brian Brennan avers that DDABB Associates was not in control of the property, "Affidavits containing self-serving and unsubstantiated allegations need not be viewed as persuasive by the court." Rodriguez v. Massalski, Judicial District of New Britain at New Britain, Docket No. 504550, (July 2, 2001, Shapiro, J.), citing: 2830 Whitney Avenue Corp. v. HeritageCanal Development Associates, Inc., 33 Conn. App. 563, 568, 636 A.2d 1377
(1994). Because the witnesses differ as to whether it was Culligan's packing material or some other material which caused the plaintiff's fall, control over the "defect" is also unsettled.[2] Moreover, the court cannot look to a lease for guidance.
The defendant DDABB has failed to meet its burden bringing forward sufficient evidence to demonstrate the absence of a material dispute as to the issue of their control over 38 Cherry St. on the date of the plaintiff's fall. Because the court finds a material question of fact, the defendant's Motion for Summary Judgment is denied.
_________________________, J. WOLVEN